IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL SEAMAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Case Number: 2:05cv414-T |
| | *   (Formerly Case Number CV-05-96, |
| FOOD GIANT SUPERMARKETS, INC., | *    Covington County, Alabama) |
| | * |
| Defendant. | * |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, you are hereby notified that Food Giant Supermarkets, Inc., (d/b/a Piggly-Wiggly No. 759), Defendant in the above-styled cause, has removed this action from the Circuit Court of Covington County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

1. On or about April 6, 2005, Plaintiff commenced an action in the Circuit Court of Covington County, Alabama entitled <u>Crystal Seaman v. Food Giant Supermarkets, Inc., d/b/a Piggly-Wiggly No. 759,</u> Civil Action No. CV-05-90, by filing a Complaint. Plaintiff's Complaint alleges that as a result of the negligent and/or wanton failure of Food Giant to reasonably maintain the entrance and exit ramp of its store, Plaintiff sustained injuries and damages after the wheel of her cart struck a hole in the ramp causing the cart to turn sharply, and Plaintiff to lose her balance and fall at the subject premises on April 25, 2003. Plaintiff's Complaint seeks compensatory and punitive damages in an amount in excess of $75,000.

2. Plaintiff's complaint states that as a result of the accident, she has "severe right wrist pain, a pinched nerve in her right arm with residual nerve injury, swelling of and tenderness and pain

in her right wrist, with permanent disability to her right arm," and that her "injuries were disabling," permanent and progressive," which will require her to "incur expenses in the future for treatment of such injuries and illnesses resulting from [her] fall," and causing her to suffer extensive and lasting damages, including, but not limited to, the following: (a) emotional distress; (b) pain and suffering; (c) severe medical conditions; and (d) a permanent disability." See Plaintiff's Complaint, ¶¶ 10-14. Finally, Plaintiff's Complaint contains an addendum clause which seeks the following damages: (a) "for compensatory damages in the amount of $25,000; (b) for punitive damages in the amount of $55,000; and (c) the cost of this action and interest on the judgment rendered at a legal rate from the date of judgment and until paid." See Plaintiff's Complaint.

### Removal is Timely

3. According to the Covington County Circuit Clerk's office, Plaintiff's Complaint was filed on April 6, 2005. Food Giant was served by sheriff on April 14, 2005.

4. Defendant filed this Notice of Removal within thirty (30) days of service of Food Giant. Therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Storing, Inc.*, 119 S.Ct.1322, 526 U.S. 344 (1999).

5. Copies of all process, pleadings, and other papers served on or received by Defendants and the entire Circuit Court file for CV-05-90 are attached hereto as Exhibit "A." The Circuit Clerk of Covington County, Alabama has been notified of this removal.

### Complete Diversity Exists

6. This action is removable pursuant to 28 U.S.C. § 1441. Any civil action brought in State Court in which the District Courts of the United States would have had original jurisdiction is removable. This action could have been filed in this Court under 28 U.S.C. §1332 because

2

complete diversity of citizenship exists between the parties, and the amount of controversy exceeds the sum or value of Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs.

7. At all times material hereto, Plaintiff Crystal Seaman has been a resident citizen of Alabama, and based upon information and belief, is a resident of Covington County, Alabama. Food Giant is incorporated under the laws of the State of Missouri, with its principal place of business in Sikeston, Missouri.

**The amount of controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars.**

8. Plaintiff has made claims of negligence and wantonness against Defendant for the failure to maintain the subject premises and/or warn of dangerous conditions on the premises. Plaintiff seeks compensatory and punitive damages from Defendants for a specified amount of $80,000.00. This clearly exceeds the required amount of controversy, Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs. *See e.g. Tapscott v. M.S. Dealer Serve Corp.* 77 F.3rd 1353, 1359 (11th Cir. 1996) ("removing party need only show by preponderance of the evidence that the amount of controversy exceeds the jurisdictional limits"); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("when determining the jurisdictional amount in diversity cases, punitive damages must be considered"); *Swafford v. Transit Cas Co.*, 486 F. Supp. 175, 177 (N.D.G.A.) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages ought to be counted").

### All Prerequisites For Removal Have Been Satisfied

9. As set forth above, this Notice of Removal has been filed within thirty (30) days of service of Defendant, the amount in controversy as specified in Plaintiff's complaint, clearly exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity exists as to the parties.

10. The prerequisites for removal under 29 U.S.C. §1441 have been met.

11. If any question arises as to the propriety of the removal of this action, the Defendant requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant desires to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending, pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Covington County, Alabama, shall affect a removal of said suit to this Court.

_____
M. WARREN BUTLER           BUTLM3190
RICHARD B. JOHNSON         J0HNR8700
Attorneys for Defendants

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 NORTH ROYAL STREET
P. O. BOX 2727
MOBILE, AL 36652
(334) 432-4481

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __2__ day of __MAY__, 2005 served a copy of the foregoing on counsel for all parties to this proceeding by mailing the same by United States mail, first class postage prepaid.

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL  36340

_____
M. WARREN BUTLER