IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| CRYSTAL SEAMAN, | * |
| PLAINTIFF, | * |
| VS. | * CASE NO. CV-2005-_____ |
| FOOD GIANT SUPERMARKETS, INC. D/B/A PIGGLY WIGGLY NO. 759, | * |
| DEFENDANT. | * |

## COMPLAINT

1. Plaintiff, Crystal Seaman, resides at 28045 Beulah Church Road in the City of Opp, Covington County, Alabama.

2. Defendant, Food Giant Supermarkets, Inc., is a Missouri corporation, authorized to conduct business in the State of Alabama, with its registered agent, The Corporation Company, located at 2000 Interstate Park Drive, Suite 204, in Montgomery, Alabama 36109. Defendant owns and operates several Piggly Wiggly stores throughout the State of Alabama, including the store located in the City of Florala, Covington County, Alabama, known as Piggly Wiggly No. 759. The Defendant is in the business of operating supermarkets open to the public.

3. The cause of action herein more particularly set forth arose within Covington County, in the State of Alabama, and this court has jurisdiction and venue to hear and to try the action.

## COUNT I
## NEGLIGENCE

4. Plaintiff affirms and re-alleges all allegations contained in items one through three of this Complaint, as if set forth here in full.

5. On or about April 25, 2003, the Plaintiff was an invitee in the Defendant's Piggly Wiggly store located in Florala, Alabama, and the Defendant owed a duty to the Plaintiff to be reasonably sure that the Plaintiff was not invited into danger and to exercise ordinary care to render and keep the premises in a reasonably safe condition.

6. As Plaintiff started to exit the Defendant's store, the wheel of Plaintiff's cart struck a hole in the ramp at the front of the Defendant's store, causing the cart to turn sharply. Plaintiff lost her balance and fell.

7. As a direct and proximate result of Plaintiff's slip and fall, Plaintiff was seriously injured, which injuries are set out in greater detail below.

**FILED IN OFFICE**
**APR 0 8 2005**

8. As the Defendant maintained the ramp for entrance into and exit out of the store, the Defendant was under a duty to ensure that the said ramp was safe, adequately designed, properly constructed and properly maintained, so as to protect the Plaintiff and all other entrants. Further Defendant was negligent in failing to make said ramp reasonably safe as the Defendant had allowed a hole to remain in the ramp which caused the Plaintiff's injury. The Defendant negligently injured the Plaintiff as it knew, or reasonably should have known, that the ramp was constructed improperly and/or improperly maintained and was not safe.

9. Plaintiff at all times exercised due and proper care for Plaintiff's own safety while on Defendant's premises.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered the following personal injuries: severe right wrist sprain, a pinched nerve in her right arm with residual nerve injury, swelling of and tenderness and pain in her right wrist, with a permanent disability to her right arm.

11. All of Plaintiff's injuries were disabling for which Plaintiff was forced to seek medical care, including emergency room visits, surgery to her right arm, and continued treatment for pain.

12. The costs of medical care, therapeutical devices, drugs, and hospitalization to date, as a result of Plaintiff's injuries, are the approximate sum of $7,986.50.

13. Plaintiff further alleges and states that all the above injuries are permanent and progressive and that it will be necessary to incur expenses in the future for treatment of such injuries and illnesses resulting from the Plaintiff's fall. The exact amount of the treatment and expenses cannot be accurately determined.

14. Plaintiff further avers that she has been caused to suffer extensive and lasting damages including, but not limited to, the following:

   a. Emotional distress; and

   b. Pain and suffering; and

   c. Severe medical conditions; and

   d. A permanent disability;

## COUNT II
## WANTON CONDUCT

15. Plaintiff adopts and affirms all allegations contained in items one through 14 as if set for here in full.

16. Plaintiff alleges that the Defendant had knowledge of the dangerous condition of the ramp, and had knowledge that injury would likely result from the dangerous condition of the ramp. Plaintiff further alleges that the Defendant, with that knowledge, acted with reckless indifference for the safety of its customers by failing to make said ramp reasonably safe.

FILED IN OFFICE
APR 0 8 2005

17. Plaintiff alleges that she was injured as a result of the Defendant's wanton conduct when she was injured by tripping in a hole that the Defendant had allowed to remain in the ramp. Plaintiff alleges that the Defendant should be punished for its reckless indifference for the safety of its customers in that it should be required to pay the Plaintiff a certain sum of punitive damages.

WHEREFORE, premises considered, Plaintiff requests that on the trial of this cause of action, Plaintiff have and recover the verdict of the jury and judgment of the trial court against Defendant as follows:

A. For compensatory damages in the amount of $25,000.00;

B. For punitive damages in the amount of $55,000.00; and

C. The costs of this action and interest on the judgment rendered at the legal rate from the day of judgment and until paid.

Plaintiff demands trial by jury on all issues herein.

Respectfully submitted this the 31 day of March, 2005.

David J. Harrison, HAR149
Attorney for Plaintiff
Post Office Box 994
Geneva, Alabama 36340
(334) 684-8729

Charles W. Blakeney, BLA068
Attorney for Plaintiff
Post Office Box 100
Geneva, Alabama 36340
(334) 684-2387

FILED IN OFFICE
APR 0 6 2005

*STATE OF ALABAMA,*
*COUNTY OF GENEVA.*

Before me, the undersigned authority, a Notary Public in and for said County, in said State, personally appeared **Crystal Seaman**, who being by me first duly sworn, deposes and says as follows:

My name is **Crystal Seaman** and I am the Plaintiff in the above styled cause. I have read over the allegations of the Complaint as prepared by my attorney, and allegations set forth therein are true and correct according to my information, knowledge, and belief.

_____
Crystal Seaman

Sworn to and subscribed before me this 30th day of March, 2005.

_____
Notary Public
My commission expires: 3-11-06

Service of Defendant at:
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

FILED IN OFFICE
APR 0 6 2005