IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 MAY -4  A 10: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CRYSTAL SEAMAN, | * |
| Plaintiff, | * |
| vs. | * Case Number: 2:05cv414-T |
| | * (Formerly Case Number CV-05-96, |
| FOOD GIANT SUPERMARKETS, INC., | * Covington County, Alabama) |
| Defendant. | * |

## ANSWER

COMES NOW Food Giant Supermarkets, Inc. (incorrectly styled as Food Giant Supermarkets, Inc., d/b/a Piggly Wiggly No. 759), Defendant in the above-styled cause, and for answer to Plaintiff's complaint says as follows:

1. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 and as such, denies the same.

2. Admitted.

3. Denied.

## COUNT ONE

4. Defendant restates and incorporates by reference its responses to paragraphs 1 - 3 of Plaintiff's complaint as if fully set out herein.

5. Defendant agrees that it is obligated under Alabama law to maintain its store in a reasonably safe condition, but is without sufficient information to admit or deny the other allegations of paragraph 5, and as such, denies the same and demands strict proof thereof.

6. Defendant is without sufficient information to admit or deny the allegations of this paragraph and as such, denies the same.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied, including subparts (a-d).

## COUNT TWO

15. Defendant restate and incorporates by its responses to paragraphs 1 - 14 of Plaintiff's complaint as if fully set out herein.

16. Denied.

17. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The injuries sustained by Plaintiff resulted from a danger which was open and obvious or which should have been observed in the exercise of reasonable care, and therefore, the Plaintiff cannot recover from this Defendant as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of her injuries.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff herself was guilty of negligence which proximately caused or contributed to her injuries and damages at the time and place referred in the Complaint, and therefore, the Plaintiff cannot recover from the defendant as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

The injuries and damages for which Plaintiff complains were not proximately caused by any act and/or omissions of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages in this case would be in violation of the constitutional safeguards provided under the Constitution of the United States of America.

## EIGHTH AFFIRMATIVE DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§13A-4-11 and 13(a)-5-12, Code of Alabama (1975), jointly and separately.

## NINTH AFFIRMATIVE DEFENSE

The claim of Plaintiffs for punitive damages cannot be sustained, because any award of punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

## TENTH AFFIRMATIVE DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections, 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1. There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, the defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2. The procedures to be followed would permit an award of punitive damages against the defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

4

3.    The procedures to be followed would permit the award of multiple punitive damages for the same act or omission;

4.    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against these defendants under present Alabama law;

5.    The standards of conduct upon which punitive damages are sought against these defendants are vague and ambiguous;

6.    The procedures used by Alabama courts and the guidelines given to the jurors; jointly and separately, are vague and ambiguous;

7.    The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notations of what the law should be instead of what it is;

8.    The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.    Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.    Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.    Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.    The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against these defendants;

13.    The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

14. The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

15. An award of punitive damages would compensate plaintiffs for elements of damage not otherwise recognized by Alabama law.

## ELEVENTH AFFIRMATIVE DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

## TWELFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages deprives these defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22 of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1. The plaintiffs seek punitive damages in excess of the respective maximums established by the Alabama Legislature in §§13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2. The procedures to be followed would permit the awarding of punitive damages against these defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants;

4. Punitive damages are penal in nature and the defendants, without procedural protection, is compelled to disclose documents and/or other evidence without

constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### THIRTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama of 1901 because punitive damages are penal in nature and the defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

### FOURTEENTH AFFIRMATIVE DEFENSE

By virtue of Alabama Code §6-11-20 (1975), punitive damages are not recoverable in this case.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages against this defendant because such an award, which is penal in nature, would violate this defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States ("the United States Constitution"), unless this defendant is afforded the same procedural safeguards as are due a criminal defendant, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## SIXTEENTH AFFIRMATIVE DEFENSE

Subjecting this defendant to punitive damages, or affirming an award of punitive damages against this defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) Any award of punitive damages against this defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) use of either Alabama Pattern Jury Instruction 11.03 or 11.18, or both, in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages; (d) any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and this defendant's alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational

relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) in the event that a single verdict is mandated against all (or two or more) defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon the culpability of another defendant, and such a joint verdict in a single amount could be enforced against this defendant for any portion of that judgment regardless of this defendant's culpability, or relative culpability; (i) should the Court require the award of punitive damages in a single, joint and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct; (j) where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendants; (k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant; (n) the procedures pursuant to which punitive damages are awarded are

unconstitutionally vague; (o) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; (p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and (q) an award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this case against this defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To award punitive damages against this defendant in this case would have a chilling effect upon this defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### NINETEENTH AFFIRMATIVE DEFENSE

In the event that any portion of a punitive damages award against this defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of

punitive damages, this defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the rights of this defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u> and <u>Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

(a)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages; (b) the <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the issues of need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this defendant; (c) the <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm; (d) the <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages; (e) this procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and (f) the <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

_____
M. WARREN BUTLER                    BUTLM3190
RICHARD B. JOHNSON                  J0HNR8700
Attorneys for Defendants

OF COUNSEL:

LYONS, PIPES & COOK, P.C.
2 NORTH ROYAL STREET
P. O. BOX 2727
MOBILE, AL 36652
(334) 432-4481

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __2__ day of __MAY__, 2005 served a copy of the foregoing on counsel for all parties to this proceeding by mailing the same by United States mail, first class postage prepaid.

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL 36340

_____
M. WARREN BUTLER