IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL SEAMAN, | * |
| Plaintiff, | * |
| vs. | * Case No.: 2:05-CV-00414-T |
| FOOD GIANT SUPERMARKETS, INC., | * |
| Defendant. | * |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 19, 2005 by telephone and was attended by: Charles W. Blakeney, Esq. and David J. Harrison, Esq. for Plaintiff, Crystal Seaman, and M. Warren Butler for Defendant Food Giant Supermarkets, Inc.

The parties do not request a conference with the Court before entry of the scheduling order.

1. Plaintiff's and Defendant's brief narrative statement:

Plaintiff's Statement: On or about April 25, 2003, as the Plaintiff started to exit the Defendant's store, the wheel of the Plaintiff's cart struck a hole in the ramp at the front of the Defendant's store, causing the cart to turn sharply. The Plaintiff lost her balance and fell partially over the cart. As a direct and proximate result of the sudden stop of the cart and the Plaintiff's subsequent fall over the cart, the Plaintiff was seriously injured, and she suffered a severe right wrist sprain, a pinched nerve in her right arm with residual nerve injury, swelling of and tenderness and pain in her right wrist, with a permanent disability to her right arm. Because the Defendant maintained the ramp for entrance into and exit out of the store, the Defendant was under a duty to ensure that the said ramp was safe, adequately designed, properly constructed and properly maintained, so as to protect the Plaintiff and all other entrants. Further, the Defendant was negligent in failing to make said ramp

reasonably safe as the Defendant had allowed a hole to remain in the ramp which caused the Plaintiff's injury. The Defendant negligently injured the Plaintiff as it knew, or reasonably should have known, that the ramp was constructed improperly and/or improperly maintained and was not safe. The Plaintiff at all times exercised due and proper care for the Plaintiff's own safety while on the Defendant's premises. Additionally, the Defendant had knowledge of the dangerous condition of the ramp, and had knowledge that injury would likely result from the dangerous condition of the ramp. The Defendant, with that knowledge, acted with reckless indifference for the safety of its customers by failing to make the ramp reasonably safe.

        **Defendant's Statement:** Defendant denies that it was negligent or wanton in the maintenance of its premises. Defendant contends that it did not breach any duty owed to Plaintiff, and it did not have any notice or knowledge of this alleged dent in the ramp at or before the time of the accident. Defendants also contend that if any defect existed on its premises, it was a condition that was open and obvious to Plaintiff and that she assumed the risk of her injuries and/or was contributory negligent in her actions. Defendant further contends that Plaintiff is not entitled to an award of any damages as a result of this conduct, including, but not limited to punitive damages as this Defendant surely was not guilty of any wanton conduct.

2.    This jury action should be ready for trial by May 22, 2006 and at this time is expected to take approximately 2 days to try, excluding jury selection.

3.    The parties request a pre-trial conference on April 24, 2006.

2

4.  Discovery will be needed on the following subjects:

    All issues and damages framed by the pleadings.

    All discovery commenced in time to be completed by December 30, 2005.

5.  Initial Disclosures. The parties will exchange within 14 days after the filing of the report of the parties planning meeting the information required by Fed. R. Civ. P. 26(a)(1).

6.  The parties request that a date to join additional parties and amend pleadings by October 28, 2005.

7.  Reports from retained experts under Rule 26(a)(2) due:

    Plaintiffs:             November 4, 2005

    Defendants:          November 18, 2005

    Plaintiff rebuttal reports: December 2, 2005

8.  Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by April 21, 2006. Any objections to said lists by any party due by May 5, 2006.

9.  Discovery limits.

    Maximum of 40 interrogatories by each party to any other party. Responses due 40

3

days after service.

Maximum of 10 depositions by Plaintiff to any other party, and maximum of 10 depositions by each Defendant to any other party. Each deposition is limited to a maximum of 8 hours unless extended by agreement of the parties.

Maximum of 30 requests for admissions by each party to any other party. Responses due 40 days after service.

Maximum of 40 requests for production of documents by each party to any other party. Responses due 40 days after service.

10. All potentially dispositive motions filed by January 30, 2006.

11. Settlement may be likely in the future, but may be enhanced by mediation towards the conclusion of discovery.

12. Other matters: None as of this date.

Date: 5/26/05

s/M. Warren Butler
Richard B. Johnson
Attorneys for Defendants
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL 36652
Phone: (251) 441-8229
Fax: (251) 433-1820
E-mail: MWB@lpclaw.com

BUTLM3190
JOHNR8700

4

_____
Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340
E-mail: Blakeney@centurytel.net
Counsel for Plaintiffs

_____
David J. Harrison, Esq.
P. O. Box 994
Geneva, AL  36340
E-mail: law7@entercomp.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _26_ day of _May_, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

M. Warren Butler, Esq.
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL  36652

Respectfully Submitted

s/Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340
E-mail: Blakeney@centurytel.net
Counsel for Plaintiffs

5