**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **CRYSTAL SEAMAN,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| **vs.** | *   Case Number: 2:05-CV-00414-T |
| | * |
| **FOOD GIANT SUPERMARKETS, INC.,** | * |
| | * |
|     **Defendant.** | * |

**DEFENDANTS' BRIEF IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

    COMES NOW Food Giant Supermarkets, Inc., (hereinafter "Food Giant"), Defendant in the above-styled cause, by and through the undersigned counsel, and submits the following brief in support of its Motion for Summary Judgment.

**I. BACKGROUND**

    This suit arises out of a complaint filed by Plaintiff Crystal Seaman against Food Giant after the shopping cart she was using to carry groceries to her vehicle became briefly lodged in a dent located somewhere in or around the ramp that leads from the store to the parking lot. As a result of the shopping cart hitting this dent, Plaintiff claims to have injured her right wrist. In her Complaint, Plaintiff claims that Food Giant (1) owed a duty to her to reasonably insure that she was not invited into danger; (2) the duty to exercise ordinary care to render and keep the store in a reasonably safe condition; and (3) that Defendant acted wantonly due to the fact that it had knowledge of the dangerous condition on the ramp and had knowledge that injury would likely result from this dangerous condition.

    Food Giant contends that it is entitled to summary judgment because (1) it had no actual or constructive notice of any alleged dangerous condition on or around this ramp; (2) the only evidence

Plaintiff has that either Food Giant, or its employees, had knowledge of the condition she alleges caused her injury is based on mere speculation and conjecture; (3) Plaintiff and her husband admit that the condition they allege caused her injuries was open and obvious; (4) neither Plaintiff, nor her husband, can testify to the exact location of the dent that they allege caused her injuries.

## II. UNDISPUTED FACTS

1.      Plaintiff Crystal Seaman ("Plaintiff") went to the Food Giant store located in Geneva, Alabama to buy groceries on April 25, 2003. (See Exhibit A: Deposition excerpts of Crystal Seaman, p. 25). Her husband accompanied her to the store but remained in their truck since he had recently underwent ACL surgery. (Exhibit A: pp. 39-40). Plaintiff claims that she shopped at this store around once every week prior to this incident. (Exhibit A: p. 31).

2.      Plaintiff testified that she walked up the ramp leading to the store's entrance with no problem. (Exhibit A: p. 32).

3.      After purchasing her groceries, Plaintiff proceeded out the store's only exit with the shopping cart of groceries. As she pushed the buggy down the ramp that leads from the stores sidewalk to the parking lot, Plaintiff claims that the front right tire of the shopping cart became briefly lodged in a hole which she claims was located at the bottom right-hand side of where the ramp in the parking lot meet. (Exhibit A: pp. 25 and 29). Plaintiff claims that the buggy "popped up" when it hit this hole thereby injuring her right arm. (Exhibit A: pp. 25 - 27; See also Exhibit B: Plaintiff's response to Defendant's Interrogatory number 4). At no point during this incident did Plaintiff let go of the handlebar of this shopping cart. (Exhibit A: p. 27).

4.      After this accident, Plaintiff looked back and saw the dent. Plaintiff described it as a hole 5" in diameter and at least a couple of inches deep. (Exhibit A: p. 30).

5. Plaintiff had never seen this hole prior to this incident. (Exhibit A: p.32). Additionally, she does not know how the hole was created or how long it had been there. Id. Plaintiff has no evidence that any employee or customer had ever been injured on this ramp. Id.

6. After this accident, Plaintiff continued walking toward her truck with the groceries. When she arrived at the truck she placed the groceries in the back and got in the truck. (Exhibit C: Deposition excerpts of Robert Seaman, p. 9). It was at this point she informed her husband of what had happened. She claims she then drove her husband over to the ramp where he could see the hole that had caused this incident. (Exhibit A: p. 40).

7. Plaintiff stated that the hole was big enough that she probably could have seen it if she had been looking down on her way out of the store. (Exhibit A: pp. 75 and 76). Additionally, she claims that she probably could have seen the hole if she had been paying attention as she entered the store. Id.

8. Contrary to his wife's testimony, Plaintiff's husband testified he did not look at this hole on the day of Plaintiff's accident. (Exhibit C: p. 10). The first time he looked at this hole was approximately a week after the accident. (Exhibit C: pp. 9-10). On this occasion, his wife accompanied him to look at the ramp. (Id. at 11). Plaintiff's husband, again contrary to his wife's testimony, claims that the hole that caused his wife's accident was located on the left side of this ramp towards the top where the ramp meets the sidewalk. (Id. at 11-12). He confirmed he was sure of the location of the hole based on his first hand knowledge of watching the incident occur, and because his wife was with him when he went back to the store to look at the ramp. (Id. at 11-23).

9. Plaintiff's husband has shopped at this store on previous occasions and has never noticed any problem with the ramp prior to this incident. (Id. at 13).

10. Plaintiff's husband agrees that if a customer was paying attention as they were leaving the

3

store they would be able to see this hole. (Id. at 26).

11.     Marcy Reid, was the manager of subject Food Giant store on the date of this accident. (Exhibit D: Affidavit of Marcy Reid). Ms. Reid started working at this store in January of 2002. Id. She no longer works for Food Giant. Id. On the date of this incident, she was notified of Plaintiff's alleged accident at the entrance ramp of the store. Id. This was the first time anyone had ever complained about this ramp. Id. To her knowledge, this was also the first time anyone was ever injured while attempting to walk on or around this ramp. Id.

12.     Prior to this incident Ms. Reid was unaware of any defect or dent in the ramp. Additionally, no one ever notified her about this dent or any alleged defect on the ramp before this occasion. Id. After this incident, Ms. Reid inspected the ramp and found no loose concrete or gravel on the ramp that could have caused an injury to a customer. **II.  LEGAL ARGUMENT**

**A.    Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56©); Adickes v. S. H. Kress & Company, 398 U.S. 144 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).  The moving party initially bears the burden of showing the court that there is no genuine issue of material fact to be decided by trial. Crawford v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). When this burden is met, the burden then shifts to the non-moving party to demonstrate that there is a material issue of fact that precludes summary judgment. Clark v. Coats and Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Faced with a properly supported motion for summary judgment, "the non-movant must then designate, by affidavits, depositions, admissions, and answers to interrogatories, specific facts showing the existence of

4

a genuine issue for trial." Southern Solvents, Inc. v. Hampshire Inns Co., 91 F.3rd 102, 104 (11th Cir. 1996); Jeffrey v. Sarasota White Sox, Inc., 64 F.3rd 590, 593-94 (11th Cir. 1995).

Because this action was removed to Federal Court on diversity grounds, state substantive law applies.

### B.   The Applicable Standard of Care in a Premises Liability Case.

To prove negligence in Alabama, a plaintiff must establish that the Defendant breached a duty owed to the plaintiff and that the breach proximately caused injury or damage to the plaintiff. Lowe's Home Centers, Inc. v. Laxson, 655 So. 2d, 943, 945-946 (Ala. 1994). In Alabama, the duty owed the plaintiff depends on his status in relation to a defendant's land and premises. Ex parte Mountain Top Indoor Flea Market, Inc., 699 So. 2d 158 (Ala. 1997); Hambright v. First Baptist Church-Eastwood, 638 So. 2d 865 (Ala. 1994). The plaintiff is classified as either a trespasser, a licensee or an invitee. Id. An invitee is one who enters upon the landowner's premises for some purpose that materially or commercially benefits the owner or occupier of the premises. Ex parte Mountaintop, 699 So. 2d at 161. For the purpose of this Motion, Defendant will view the facts in a light most favorable to Plaintiff and assume that she was an invitee at the time of this incident.

The owner of a premises has a duty to use reasonable care and diligence to keep its premises in a reasonably safe condition for the access of persons who come thereon by invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial, to the owner. Lamson & Sessions Bolt Co. v. McCarty, 173 So. 388 (Ala. 1937). If the owner's premises are in any respect dangerous, he must give such invitee sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Id. This rule includes: (a) the duty to warn an invitee of a danger, of which he knows or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which

5

he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation. Id. See also Armstrong v. Georgia Marble Company, 577 So. 2d 1051, 1053 (Ala. 1991).

This duty does not, however, convert a premises owner into an insurer of its invitee's safety. Hose v. Winn-Dixie Montgomery, Inc., 658 So. 2d 403, 404 (Ala. 1995). In fact, to recover in a premises liability action based on a fall, Plaintiff must prove:

> (1) that the fall was caused by a defect or instrumentality located on the premises; (2) that the fall was the result of the defendant's negligence; **and** (3) that defendant had, or should have had notice of the defect or instrumentality before the accident.

Logan v. Winn-Dixie Atlanta, Inc., 594 So. 2d 83, 84 (Ala. 1992)(emphasis added). See also Miller v. Archstone Community Trust, 2001 W.L. 470184 (Ala. Civ. App. May 4, 2001); Bud's Outlet v. Smith, 781 So. 2d 219 (Ala. Civ. App. 2000).

Under Alabama law it is well established that the doctrine of res ipsa loquitur is not applicable to a premises liability case. K-Mart v. Corp. v. Bassett, 769 So. 2d 282, 286 (Ala. 2000); Riverwood Regional Medical Center v. Williams, 667 So. 2d 46 (Ala. 1995). "Nor is there an assumption of negligence that arises from the mere fact that a plaintiff has fallen and been injured." Delchamps, Inc. v. Stewart, 255 So. 2d 586 (Ala. Civ. App.), cert denied, 255 So. 2d 592 (Ala. 1971).

Therefore, the mere fact that Plaintiff was injured , without more, is insufficient to support a claim for negligence. The burden rests upon Plaintiff to prove that the ramp was defective and that her accident was proximately caused by the negligence of Food Giant. Plaintiff has failed to do so. Furthermore, Plaintiff can present no evidence that Food Giant failed to use reasonable care to maintain its premises. As illustrated in Lowe's, "not every accident that occurs gives rise to a cause of action upon which the party that is injured may recover damages from someone. Thousands of accidents occur every day for which

no one is liable in damages, and often no one is to blame, not even the ones who are injured." Lowe's, 655 So. 2d 946, (quoting Gulas v. Ratliff, 216 So. 2d 278, 280 (Ala. 1968)).

In Miller v. Archstone Community Trust, supra, the plaintiff brought a negligence action against a sealant company and landlord based on her slip and fall on a portion of the parking lot that had been sealed by "seal coating" approximately one year earlier. The plaintiff testified that before she fell she had walked in the same area without slipping, and she had never noticed that particular area to be slick after it rained. Furthermore, the plaintiff had never seen anyone else fall, and she had never notified anyone that the area was slick. Id. at *3. In support of its summary judgment motion, the defendant landlord filed the affidavit of an employee stating that no incident reports had been filed indicating that anyone had slipped or fallen in the area since the time the sealant was applied. Id. at *3. The court affirmed summary judgment in favor of defendant stating in part that "the plaintiff presented no evidence indicating that the defendants had notice of the alleged dangerous condition the plaintiff claimed was created by the application of the sealant." Id. at *3.

Additionally, in Fowler v. CEC Entertainment, d/b/a Chuck E. Cheese's, et, al. 2005 Ala. Civ. Ct. App. (Ala. 2005), Plaintiff brought a negligence action against Chuck E. Cheese's restaurant arising out of a trip and fall accident that occurred as the result of a dent in a step leading into the restaurant. The General Manager of this restaurant testified that there was a crack in the step that had been there for at least thirteen years. Id. at 13. The General Manager had painted the step twice over the course of her employment at the restaurant. Id. The General Manager testified that during her time with the store, no other patrons of the restaurant had fallen on the step. Additionally, the general manager had no knowledge that the step created a hazard to restaurant patrons. Id. Conversely, the only evidence presented by Plaintiff to support her contention that a defect existed on the premises of the restaurant was her own testimony that

7

she saw a "dent" in the step after she fell. Id.

The Court concluded that the evidence presented by Plaintiff and the premises owner did not indicate that the restaurant failed to provide a reasonably safe premises. Id. The Court held that Plaintiff failed to present substantial evidence that her fall resulted from a defect on the restaurant's premises that was a result of the restaurant's negligence of which the restaurant had or should have had notice. Id. Therefore, the Court affirmed the trial court's Summary Judgment in favor of the restaurant. Id.

Similarly, in this case, it is undisputed that Food Giant did not have knowledge of any alleged defect in the subject ramp before Plaintiff fell. There is no evidence that any employee or representative of Food Giant ever knew or witnessed any other customer get injured or have a problem with this ramp. In fact, Food Giant has affirmatively presented evidence by way of affidavit from Mary Reid, (former manager), proving that Food Giant was not aware of any defect or dent in the subject ramp. (Exhibit D). Additionally, Reid testified that she was aware of no one ever being injured on this ramp prior to this incident. Id. Therefore, since it is undisputed that Food Giant was unaware of any alleged dangerous condition with the subject ramp it was under no duty to warn of the alleged defect.

**C.     Plaintiff merely speculates as to the location of the hole and/or cause of her injury.**

Plaintiff merely speculates as to the location of the alleged hole which caused her injury. Specifically, Plaintiff testified that the subject hole was located at the bottom right-hand side of where the ramp and parking lot meet. (See Exhibit A: pp. 25, 29). However, Plaintiff's husband testified that the subject hole that caused his wife's accident was located on the top left side of this ramp where the ramp meets the sidewalk. (See Exhibit C: p. 9). Plaintiff's husband confirmed that he was certain of the location of this hole because he watched this incident occur and because his wife was with him when he went back to the store to look at this ramp. (Id. at 11-23).

In Alabama, speculation as to the cause of an injury is not substantial evidence sufficient to defeat a properly supported motion for summary judgment. (See Speer v. Pin Palace Bowling Alley, 599 So. 2d 1140 (Ala. 1992)(summary judgment due to be granted where the evidence amounts to little more than speculation or conjecture)); Vargo v. Warehouse Groceries Management, Inc., 529 So. 2d 987 (Ala. 1988)("any inference that the premises owner was negligent would be the result of mere speculation" which is insufficient to the summary judgment). In this case, it is clear that Plaintiff cannot testify with any specificity regarding the location of the alleged hole that caused her injury or whether the injury was caused by an alleged hole at all. Thus, Plaintiffs claim that her injuries were caused due to a hole located at the far right-hand side of this ramp is based on mere speculation and conjecture, which is insufficient to take this matter to a jury.

### D. Plaintiff's injuries stem from a danger which was open and obvious.

Assuming for argument purposes only that defect existed on this ramp, Plaintiff had a duty to use reasonable care. As the Alabama Supreme Court explained:

> The duty to keep an area safe for invitees is limited to hidden defects which are not known to an invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the general contractor or owner is under no duty to alter the premises so as to [alleviate] known and obvious dangers. [The premises owner] is not liable to an invitee for an injury resulting from danger that was obvious or that should have been observed in the exercise of reasonable care.

Harvell v. Johnson, 598 So.2d 881, 883 (Ala. 1992). See General Motors Corp. v. Hill, 752 So.2d 1186 (Ala. 1999)("it is well established, however, that an invitor is not liable for injuries to an invitee resulting from a danger that was known to the invitee or that the invitee should have observed through the exercise of reasonable care. If the danger is open and obvious, the invitor cannot be held liable"); Tidd v. Wal-mart Stores, Inc.. 575 F.Supp 1322, 1323, N.D. Ala. 1991)("Dangers that are open and obvious

9

or that should be known to an invitee in the exercise of reasonable care, do not require a warning."). Thus, "the invitee assumes all normal and ordinary risks attendant upon the use of a premises." Edwards v. Hammond, 510 So.2d 234, 236 (Ala. 1997)(citation omitted). Furthermore, a person walking "must keep his eyes open and look ahead with enough constancy to detect an obvious object in plain view, unless the attention is distracted for good cause." Bailey v. Mobile, 167 So. 2d 294, 298 (Ala. 1964). "The issue of the openness and obviousness of a danger may be decided on summary judgment if the underlying facts are undisputed. See Prettyman v. Goodwin, 114 F. Supp. 1188, 1191 (M.D. 2000).

In Ex parte Neese, the Alabama Supreme Court examined whether a doormat, upon which the plaintiff tripped, was an open and obvious danger. 819 So. 2d 584 (Ala. 2001). The court found that "the location of the doormat on the property and the fact that it had become wet from the rain would have been as obvious to (the plaintiff) as it was to the defendant." Id. at 590. The court noted the general proposition that an "owner or occupant is under no duty to reconstruct or alter the premises so as to protect an invitee from known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." Id. at *5 (citations omitted). Therefore, the court affirmed the judgment of the court of appeals, holding that the plaintiff "failed to present substantial evidence creating a genuine issue of material fact as to whether the doormat constituted a hidden defect or danger which "the defendant" had such superior knowledge as to which she owed a duty to warn the "plaintiff".

In Sisk v. Heil Co., 639 So.2d 1363, 1365 (Ala. 1994), the court upheld a summary judgment because the plaintiff testified that she was aware of the condition which she claimed caused her injury prior to her fall. In order for a condition to be "known" to a person, that person "must be aware of the existence of the condition and must appreciate the danger involved." In Sisk, while an invitee on the premises for

a concert, the plaintiff was required to negotiate a road which contained speed bumps made of strips of gravel laid across the road. As the Plaintiff was stepping over one of these bumps, her foot slid in the mud and she injured her ankle. Id. at 1365. The Plaintiff sued for damages for her injuries, claiming that the defendant breached its duty to use reasonable care and diligence to maintain its premises in a reasonably safe condition and to warn of any known dangers, or dangers that reasonably should have been known. Id. **However, the Plaintiff admitted that she had already successfully navigated several of these bumps before her accident**. (emphasis added). Thus, she was aware of their presence. Id. She contends, however, that she was not aware of the danger these speed bumps created. The court concluded that the Plaintiff was an adult of apparently normal intelligence and as such should have been aware of the need for caution when walking on mud and stepping over a strip of gravel. Id.

The court further concluded that speed bumps made of gravel and located on a dirt road did not present a hidden danger and, therefore, the premises owner had no duty to warn his invitees of the presence or the dangers that were associated with them. Thus, the court concluded that the trial court properly entered summary judgment with respect to the Plaintiff's negligence claim. Id.

Plaintiff claims that the alleged hole was five inches in diameter and at least a couple of inches deep. (Exhibit A: p. 30) Additionally, Plaintiff testified she had been in the store on several occasions and never had any problems entering or exiting the store. In fact, on the day of the incident she had no problem entering the store using this ramp. (Id. at 32). Plaintiff also testified that the hole was big enough that she probably could have seen it if she had been looking down on her way out of the store. (Id. at 75-76) Furthermore, she claims that she probably could have seen the hole if she had been paying attention as she entered the store. Id. Plaintiff's husband agreed that if a customer was paying attention as they were leaving the store they would be able to see this hole. (Exhibit C: p. 26). Therefore, based on Plaintiff and

11

her husband's deposition testimony this alleged hole was not a hidden danger, and thus, Food Giant had no duty to warn Plaintiff of its presence.

### E.    Plaintiffs' wantonness claim should be dismissed.

Summary judgment should also be granted on Plaintiff's wantonness claims. As to her claims for wantonness, Plaintiff has to present evidence indicating that Food Giant knew that this condition would likely or probably result in the injury allegedly suffered by Plaintiff. Wantonness is statutorily defined as "conduct which is carried on with a reckless or conscious disregard for the safety of others. Ala. Code §6-11-20(b)(3). In other words, wantonness is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or admitting to do an act, an injury will likely or probably result." Wal-Mart Stores, Inc. v. Thompson, 928 So.2d 651, 654 (Ala. 1998)(citations omitted). "Accordingly, to prove wantonness, one need not prove intention conduct; proof of wantonness still requires the evidence of a reckless or conscious disregard of the rights and safety of others". Id.

In this case, Plaintiff has no evidence that Food Giant knowingly or intentionally allowed a dangerous condition to exist. In fact the opposite is true. No one at Food Giant was aware of anyone tripping or falling on the subject ramp. Therefore, because there is no evidence of any reckless behavior on the part of Food Giant, summary judgment should be granted on Plaintiff's claim for wantonness.

                                            s/M. WARREN BUTLER
                                            s/M. WARREN BUTLER
                                            BUTLM3190
                                            ASB-3190-R56-M
                                            RICHARD B. JOHNSON
                                            J0HNR8700
                                            ASB-8700-I65-J
                                            Attorneys for Defendants
                                            Lyons, Pipes & Cook, P.C.

                                                P. O. Box 2727
                                                Mobile, AL   36652
                                                Phone: (251) 441-8229
                                                Fax: (251) 433-1820
                                                E-mail:   MWB@lpclaw.com

Of Counsel:

Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL   36652
(251) 441-8229

CERTIFICATE OF SERVICE

       I do hereby certify that I have on this 14th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL   36340

                                                s/M. WARREN BUTLER
                                                s/M. WARREN BUTLER
                                                BUTLM3190
                                                ASB-3190-R56M
                                                RICHARD B. JOHNSON
                                                J0HNR8700
                                                ASB-8700-I65-J
                                                Attorneys for Defendant
                                                Lyons, Pipes & Cook, P.C.
                                                P. O. Box 2727
                                                Mobile, AL   36652
                                                Phone: (251) 441-8229

Fax: (251) 433-1820  
E-mail:   MWB@lpclaw.com