# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL SEAMAN, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | * CASE NO. 2:05-CV-414-T |
| | * |
| FOOD GIANT SUPERMARKETS, INC., | * |
| | * |
| DEFENDANT. | * |

## BRIEF IN OPPOSITION TO DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Plaintiff, Judy Story, submits this, her brief in opposition to the Defendant's Motion for Summary Judgment as follows:

### SUMMARY OF FACTS

On April 25, 2003, the Plaintiff, Crystal Seaman (Seaman) exited the Defendant, Food Giant Supermarket's (Food Giant) store pushing a buggy in front of her. (Exhibit A at 25). As Seaman was coming down a ramp that is located at the exit of the store, the front wheel of the buggy caught a hole located at the base of the ramp, causing the buggy to stop abruptly and the back wheels to come off of the ground. (Exhibit A at 25-26). The buggy came up on end and jammed Seaman's arm. (Exhibit A at 25, Exhibit C at 8-9). It was only after this occurred that Seaman backed the buggy up to see why it stopped and discovered the hole. (Exhibit A at 25). The abrupt stop and tilt of the buggy jammed both of Seaman's wrists up, and her right arm began to immediately hurt. (Exhibit A at 26-27). Seaman's husband, Robert Seaman, witnessed the abrupt stop from the passenger's seat of the truck in which he was sitting in the parking lot of Food Giant's store. (Exhibit C at 8-9).

Seaman described the hole as being about five inches around where the asphalt that joined

the ramp had "bunched up" (Exhibit A at 30). Food Giant was at this point writing a regular accident report. (Exhibit A at 31). Further, when Seaman and her husband had visited the store on prior occasions they noticed a large red rug which ran from the sidewalk down to the bottom of the ramp. (Exhibit A at 67, Exhibit C at 10). Seaman's husband has on occasion noticed three or four pieces of rug covering the ramp at Food Giant's store. (Exhibit C at 25). On the day of the incident Seaman saw the rug rolled up and placed to the side of the soda machine on Seaman's left. (Exhibit A at 76). Further, two weeks after the incident, when Seaman visited the store again, the rug was placed over the location of the hole. (Exhibit B at Interrogatory 5.) The Plaintiff contends that these rugs had to be moved for the ramp and sidewalk to be swept by Food Giant employees, that the rugs had to be moved off of the hole to be shaken off, and that the employees brought buggies in and out of the door each day over the rug and the location of the hole. (Exhibit A at 68).

## STANDARD OF REVIEW

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining, on a summary judgment motion, whether there is a genuine issue of material fact, the court must view the evidence in the light most favorable to the nonmoving party, resolving all reasonable doubts against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party must show the absence of a dispute as to any material facts and that [it] is entitled to judgment as a matter of law. Combs v. King, 764 F.2d 818, 827 (11th Cir. 1985). While summary judgment may be proper without negating an element of the Plaintiff's claim, "it is never enough simply to state that the non-moving party cannot meet its burden at trial." Clark v. Coates & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) Once the moving party has made such a prima facie showing, the nonmoving party must demonstrate from pleadings, depositions, answers to

interrogatories, admissions on file, and affidavits that there does exist a genuine issue of material fact. Id. at 607.

## ARGUMENT

Under Alabama Tort Law, the duty owed to an individual who enters another's premises is dependent upon the classification of the individual on the land. Ex parte Mountain Top Indoor Flea Market, Inc., 699 So. 2d 158 (Ala. 1997). A licensee is defined as an individual who enters the premises of another without a business purpose, i.e. for social interaction. Curvin v. Pinyan, 717 So.2d 435 (Ala. Civ. App. 1998). In contrast, an invitee is defined as an individual who enters another's premises for some business purpose, whether it be a purpose solely of the individual or mutual purpose of both the invitor and invitee. Id.

The duty owed to an invitee by the owner of premises is one in which the owner must use reasonable care and diligence to keep the premises in a safe condition for access by the invitee. Ex parte Neese, 819 So. 2d 584 (Ala. 2001). Included in this general rule are "(a) the duty to warn an invitee of danger, of which [the invitor] knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which [the invitee] is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation." Id. at 589. The basis for this liability "rests upon the invitor's superior knowledge of the danger which causes the invitee's injuries." Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala. 1979).

The invitor, as a general rule, is not liable for an injury resulting from a danger which was known to the invitee or which was obvious or should have been observed by the invitee in the exercise of reasonable care. Id. at 1388. However, in order for a condition to be 'known' to a person, that person 'must be aware of the existence of the condition and must appreciate the danger

it involves." Terry v. Life Ins. Co. or America, 551 So.2d 385 (Ala. 1989). Further, where reasonable men might draw differing conclusions from undisputed facts as to negligence or the question of an open and obvious danger, the question is for the jury. See Marquis v. Marquis, 480 So.2d 1213 (Ala. 1985) quoting Quillen v. Quillen, 388 So.2d 985 (Ala. 1980).

The Code of Alabama defines wantonness as "conduct which is carried on with a reckless or conscious disregard for the rights or safety of others." Ala. Code § 6-11-20(b)(3) (1975). However, the Supreme Court of Alabama has accepted the definition that wantonness is "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." Bozeman v. Central Bank of the South, 646 So.2d 601 (Ala. 1994).

Seaman claims that Food Giant is liable for the injury she sustained as a result of her buggy being caught in the hole, because Food Giant knew, **or should have known**, of the dangerous condition of the ramp exiting its store. The evidence shows that normally a rug was placed over the location of the hole. On this particular occasion, however, the rug had been rolled up and placed beside the soda machine on the sidewalk. Because these rugs were moved around, Food Giant should have been aware of the hole, and the dangerous condition it posed. There are therefore, questions of fact as to whether Food Giant was or should have been aware of the dangerous condition of the ramp exiting the store, and whether Food Giant is liable to Seaman for the injuries she sustained when the buggy she was pushing caught the hole in the ramp at the exit of the Food Giant store.

While Seaman's husband might have believed the hole was in a different location, he witnessed the incident from the inside of the vehicle in the parking lot of Food Giant's store. Seaman could observe the object her buggy caught immediately after the incident; however she was

unaware of the hole prior to the incident. Seaman testified that there was a buggy caught in a hole at the end of the ramp leading out of Food Giant's store and into the parking lot of Food Giant. Seaman contends that there is no evidence that she should have been aware of the condition of the ramp. On the other occasions that Seaman and her husband visited the store, a rug covered the hole. Further, in pushing a buggy down the ramp, Seaman was unable to see the hole until after the buggy struck it, and she backed the buggy up to look around it. There is a question of fact as to whether Seaman was or should have been aware of the dangerous condition of the ramp, and whether Seaman could appreciate the dangerous condition of the ramp, as she had never before seen the hole and normally the hole was covered by a rug. Therefore, summary judgment is not proper in this matter.

The evidence supports a finding that Food Giant's inaction with regard to the hole and removal of the rug which covered it, constitutes a conscious disregard for the safety of its customers entering and exiting the store. The Food Giant employees moved the rugs, swept the sidewalk, and pushed buggies into and out of Food Giant's store on a daily basis. This evidence supports an awareness on the part of Food Giant of the dangerous condition of the ramp and a disregard for the safety of those individuals invited to shop in Food Giant's store. Therefore, there exists a question of material fact as to whether the inaction of Food Giant in upkeep and repair of the ramp constitutes wantonness, and where Food Giant is liable in wantonness for such inaction.

WHEREFORE, as there exists a genuine issue of material fact in the Plaintiff's claims that the Defendant failed to adequately maintain its premises, failed to warn the Plaintiff of the dangerous condition of the premises, and that the Defendant acted willfully and wantonly in its failure to remedy the defect of the ramp, the Defendant is not entitled to summary judgment in this matter, and the same is due to be denied.

_____
Charles W. Blakeney, BLA068
Attorney for Plaintiff
Post Office Box 100
Geneva, Alabama 36340
334-684-2387

## CERTIFICATE OF SERVICE

I hereby certify that on the ____14____ day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Hon. M. Warren Butler, Hon. David J. Harrison, and Hon. Richard Brantley Johnson

_____
Charles W. Blakeney