**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **CRYSTAL SEAMAN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    Case Number: 2:05-CV-00414-T |
| | * |
| **FOOD GIANT SUPERMARKETS, INC.,** | * |
| | * |
| Defendant. | * |

**DEFENDANT FOOD GIANT SUPERMARKET, INC.'S**
**REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Food Giant Supermarkets, Inc., (hereinafter "Food Giant"), Defendant in the above-styled cause, and pursuant to this Court's Scheduling Order and Fed. R. Civ. P. 56, files this reply brief in support of its Motion for Summary Judgment.

**I. Additional Undisputed Facts**

1. Despite Plaintiff's contention in her response brief that this was not her "regular grocery store," Plaintiff testified that she shopped at this grocery store once a week prior to this accident. (See Exhibit A: Plaintiff's deposition excerpts at p. 31). During the period of time that Plaintiff shopped at this grocery store, she never noticed any problems with this ramp. Id. at 32.

2. Plaintiff has no evidence of anyone else being injured by this hole or in and around this ramp. (Id. at 32 and 67).

3. Plaintiff admits that she has no evidence to prove that anyone at this store knew about the hole prior to her accident:

> Q: It is your position that someone at the store knew about the hole prior to your accident?

      A      I can't prove that...

Id. at 68.

    4.    Plaintiff speculates that someone from the store should have been aware of this alleged dangerous condition with the ramp because she assumes that "someone swept that sidewalk everyday; and that a rug was picked up and shook off; and because the buggies were brought in and out of the door everyday." However, Plaintiff has absolutely no evidence to support this conjecture. Furthermore, Plaintiff merely assumes that a store employee knew of the holes' existence:

      Q:      What do you hope to get out of this lawsuit?

      A:      I don't know. I think I should be -- I think the wrongs against me should be rectified.

      Q:      And what are the wrongs against you?

      A:      I wouldn't be here if there wasn't a hole there. Someone should have known it was there.

      Q      But you don't know who that someone is?

      A      No, sir. I -- if I had to make an assumption, pretty much anyone that worked there.

      Q:      And you are assuming they should have seen the hole and known it was there?

      A      Yes, sir. I mean, that's an assumption...

Id. at 77-78.

## II. Legal Argument

**A.    Plaintiff does not have substantial evidence that Food Giant's actions created a hazardous condition.**

2

For the purpose of this reply brief, Food Giant will view the facts in a light most favorable to Plaintiff and assume that she was an invitee on its premises at the time of this accident. As an invitee, Food Giant owed Plaintiff a duty to use reasonable care and diligence to keep the premises in a reasonably safe condition. Lamson & Sessions Bolt Company v. McCarty, 173 So. 308 (Ala. 1997). Thus, to recover in this premises liability action, Plaintiff must prove the following: (1) that her fall was caused by a defect or instrumentality located on the premises; (2) the fall was the result of Food Giant's negligence; and (3) that Food Giant had, or should have had, notice of a defect or instrumentality before the accident. Logan v. Winn-Dixie Land, Inc., 594 So. 2d 83, 84 (Ala. 1992)(emphasis added).

The burden rests upon Plaintiff to prove that the alleged ramp was defective and that her accident was proximately caused by the negligence of Food Giant. In Plaintiff's response brief, she has failed to meet this burden. In this response brief, Plaintiff has presented no evidence of any actions or omissions of Food Giant that caused or created the alleged defect that Plaintiff claims caused this accident. Additionally, Plaintiff has failed to present any evidence that proves that anyone from Food Giant had, or should have had knowledge of the alleged dangerous condition with the subject ramp.

In Plaintiff's reply brief, she merely speculates that Food Giant had, or should have had notice of the alleged defect with the ramp because its employees brought buggies in and out of the door each day over the location of the hole; and because its employees allegedly moved a rug that was allegedly over this ramp from time to time in order to shake it off. However, Plaintiff has absolutely no evidence to support this assertion. In fact, Plaintiff admits that this theory is an assumption on her part which she cannot prove. (See Exhibit A: pp. 68 and 77).

In Alabama, it is well-settled that a plaintiff may not speculate in opposing a motion for summary judgment. (Ex Parte Harold L. Martin Distributing Company, Inc., 769 So. 2d 313, 315 (Ala.

3

2000)(quoting Turner v. Azalea Box Company, 508 So. 2d 253, 254 (Ala. 1997)(in a premises liability case, "when evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used to support one inference over another because such use is mere conjecture and speculation")). Thus, "unsupported allegations do not constitute substantial evidence, and mere conclusory allegations that a fact exists will not defeat a properly supported summary judgment motion." Walsh v. Douglas, 717 So. 2d 807, 810 (Ala. Civ. App. 1998)(citing Hearst v. Alabama Power Company, 675 So. 2d 397, 400 (Ala. 1996)). As such, since plaintiff has not presented substantial evidence of a disputed material fact, summary judgment should be granted as a matter of law.

In contrast to Plaintiff's speculation, Food Giant has offered the affidavit of Marcy Reid, the former manager of this store, to show that neither she, nor any other employee of Food Giant, had or should have had notice of the alleged defect with the ramp before Plaintiff fell. (Affidavit of Marcy Reid filed in support of Food Giant's Brief in Support of its Motion for Summary Judgment). On the date of this incident, Marcy was notified of Plaintiff's alleged accident at the entrance ramp of the store. Id. This was the first time anyone had ever complained about this ramp. Id. To her knowledge, this was also the first time anyone was ever injured while attempting to walk on or around this ramp. Id. Prior to this incident, Ms. Reid was unaware of any defect or dent in the ramp. Additionally, no one ever notified her about this dent or any alleged defect on the ramp before this occasion. Id.

Thus, the undisputed facts prove that Food Giant had no notice, or any reason to know that there was any alleged defect with the subject ramp. Plaintiff has presented no admissible evidence in her response brief to prove Food Giant was aware of this alleged defect in the ramp before she allegedly fell. Therefore, given the fact that it is undisputed that no one at Food Giant was aware of any dangerous

condition with the subject ramp and given the fact that Plaintiff cannot present any admissible evidence supporting her contention that someone from Food Giant should have been aware of this condition, Food Giant owed no duty to warn Plaintiff of this alleged defect. Therefore, Food Giant is entitled to summary judgment as a matter of law.

WHEREFORE, premises considered, Plaintiff has failed to come before the court with ample evidence to defeat Food Giant's properly supported Motion for Summary Judgment. Therefore, judgment as a matter of law is due to be granted in favor of Food Giant Supermarkets, Inc.

s/M. WARREN BUTLER
s/M. WARREN BUTLER
BUTLM3190
ASB-3190-R56-M
RICHARD B. JOHNSON
J0HNR8700
ASB-8700-I65-J
Attorneys for Defendants
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL  36652
Phone: (251) 441-8229
Fax: (251) 433-1820
E-mail:  MWB@lpclaw.com

Of Counsel:

Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL  36652
(251) 441-8229

5

CERTIFICATE OF SERVICE

      I do hereby certify that I have on this 24th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL 36340

                                              s/M. WARREN BUTLER
                                              s/M. WARREN BUTLER
                                              BUTLM3190
                                              ASB-3190-R56M
                                              RICHARD B. JOHNSON
                                              J0HNR8700
                                              ASB-8700-I65-J
                                              Attorneys for Defendant
                                              Lyons, Pipes & Cook, P.C.
                                              P. O. Box 2727
                                              Mobile, AL 36652
                                              Phone: (251) 441-8229
                                              Fax: (251) 433-1820
                                              E-mail: MWB@lpclaw.com