IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CRYSTAL SEAMAN,** | * |
| **Plaintiff,** | * |
| vs. | * Case Number: 2:05-CV-00414-T |
| **FOOD GIANT SUPERMARKETS, INC.,** | * |
| **Defendant.** | * |

**OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

**COMES NOW** Food Giant Supermarkets, Inc., Defendant in the above-styled cause, and objects to Plaintiff's Exhibit List as follows:

1.    Plaintiff's Exhibits 1 - 4 (prescription records).

Defendant has no objection to the prescription records as long as Plaintiff proves that all of the prescriptions are reasonable and necessarily incurred as a result of the incident made the basis of this suit. Furthermore, Defendant objects to the total prescription charges being offered into evidence if payments have been made by any insurance carrier relating to these prescription charges because Defendant is allowed under Alabama law to prove that Plaintiff is only obligated to repay a certain amount of any payments made by any insurance carrier.

2.    Plaintiff's Exhibit 11.

Defendant objects to the prescription record as it is duplicative of any prescription charges set out in Plaintiff's Exhibits 1 - 4.

3.    Plaintiff's Exhibit 13(b).

Defendant objects to Plaintiff's Exhibit No. 13(b) as it is duplicative of the records contained within Plaintiff's Exhibit No. 7.

4. <u>Plaintiff's Exhibit 14(a)</u>.

Defendant objects to Plaintiff's Exhibit No. 14 (a) as it is duplicative of the exhibits contained within Plaintiff's Exhibit No. 7.

5. <u>Plaintiff's Exhibit 15(ee)</u>.

Defendant objects to this exhibit as it is duplicative of Plaintiff's Exhibit No. 15(j).

6. <u>Plaintiff's Exhibit 16(b)</u>.

Defendant objects to this exhibit as it would be contained within Exhibits 1-4.

7. <u>Plaintiff's Exhibit 17(a-d)</u>.

Defendant objects to any employment applications as these documents are hearsay.

8. <u>Plaintiff's Exhibit 18 (a-b)</u>.

Defendant objects to this exhibit on the grounds that it contains hearsay and the medical treatment referenced therein has not been shown to the reasonable and necessarily incurred as a result of the accident. The medical charges attached thereto as Exhibit No. 18(b) have also not been shown to have been reasonable and necessarily incurred as a result of the accident.

9. <u>Plaintiff's Exhibit 19</u>.

Defendant objects to this exhibit on the grounds that it contains hearsay and the medical treatment referenced therein has not been shown to the reasonable and necessarily incurred as a result of the accident. The medical charges attached thereto as Exhibit No. 18(b) have also not been shown to have been reasonable and necessarily incurred as a result of the accident.

Respectfully submitted,

s/s RICHARD B. JOHNSON
M. WARREN BUTLER
BUTLM3190
ASB-3190-R56M
RICHARD B. JOHNSON
J0HNR8700
ASB-8700-I65-J
Attorneys for Defendants
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL   36652
Phone: (251) 441-8229
Fax: (251) 433-1820
E-mail:   MWB@lpclaw.com

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21st day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL   36340

        <u>s/s RICHARD B. JOHNSON</u>
M. WARREN BUTLER
BUTLM3190
ASB-3190-R56M
RICHARD B. JOHNSON
J0HNR8700
ASB-8700-I65-J
Attorneys for Defendant
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL   36652
Phone: (251) 441-8229
Fax: (251) 433-1820
E-mail:   MWB@lpclaw.com
        RBJ@lpclaw.com