IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CRYSTAL SEAMAN, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CASE NO. 2:05-cv-414-WKW |
| | * | |
| FOOD GIANT SUPERMARKETS, INC., | * | |
| | * | |
| DEFENDANT. | * | |

**PLAINTIFF'S MOTION IN LIMINE**

*COMES NOW*, the Plaintiff by and through her undersigned attorneys, and requests an Order from this Court requiring that any witnesses for the Defendant and Defendant's counsel refrain from mentioning or attempting to introduce evidence, whether testimony or tangible evidence, of the Plaintiff's prior arrest for Obtaining Public Assistance by Fraud and prior conviction for Retail Theft, and as reasons for the same, states as follows:

**I.      Plaintiff's Conviction for Retail Theft**

On or about April 14, 1998, the Plaintiff entered a plea of guilty to the offense of Retail Theft, receiving a sentence of six months supervised probation. The Plaintiff admitted in her deposition that she shoplifted from a Wal-Mart. The Defendant has listed in its Exhibit List certified copies of this conviction. The Plaintiff, however argues that this conviction is not admissible character evidence, nor may it be used for impeachment of the Plaintiff in this matter.

As the Plaintiff's conviction for retail theft is a misdemeanor resulting in a six month sentence, it is inadmissible under Fed. R. Evid. 609(a)(1). The inquiry, however, continues in Fed. R. Evid. 609(a)(2), F.R.E. which allows as admissible impeachment evidence, a conviction of a

crime involving dishonesty or false statement, regardless of the punishment. The Defendant will argue that the Plaintiff's conviction of Retail Theft will be admissible under this rule. It is, however, the long-standing precedent in this Circuit that "crimes such as theft, robbery, or shoplifting **do not** involve 'dishonesty or false statement' within the meaning of Fed. R. Evid. 609(a)(2)." *United States v. Sellers*, 906 F.2d 597 (11th Cir. 1990) (emphasis added). Indeed, the precedent of at least eight other circuits follows this view.[1] The Plaintiff therefore contends that any reference to her conviction of retail theft, i.e. shoplifting, is inadmissible under the Federal Rules of Evidence.

## II.     Plaintiff's Arrest for Obtaining Public Assistance by Fraud

On or about August 14, 2001, the Plaintiff was placed on probation for a period of five (5) years in a program commonly referred to in Alabama as "pretrial diversion." In this program, although a plea is taken and the criminal defendant must submit to certain conditions imposed by the court, adjudication of guilt is withheld in the matter. Adjudication was withheld in Plaintiff's case, and the position taken by the State of Florida is that the Plaintiff is **not a convicted felon**.[2]

This matter is also governed by Fed. R. Evid. 609. In Fed. R. Evid. 609(a)(1), evidence of a **conviction** is admissible impeachment evidence "if the crimes was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted.

---

[1] See e.g., *United States v. Grandmont*, 680 F.2d 867 (1st Cir. 1982); *United States v. Hayes*, 553 F.2d 824 (2d Cir. 1977), *cert. denied*, 424 U.S. 867, 98 S. Ct. 204; *Government of Virgin Islands v. Testamark*, 528 F.2d 742 (3d Cir. 1976); *United States v. Ashley*, 569 F. 2d 975 (5th Cir. 1978), *cert. denied*, 439 U.S. 853, 99 S.Ct. 163; *McHenry v. Chadwick*, 869 F.2d 184 (6th Cir. 1990); *United States v. Yeo*, 739 F.2d 385 (8th Cir. 1984); *United States v. Ortega*, 561 F.2d 803 (9th Cir. 1977); *United States v. Fearwell*, 595 F.2d 771 (D.C. Cir. 1978).

[2] See attached Exhibit A, Letter from Kimberly Aller, Correction Probation Officer which describes the Plaintiff's case and that the Plaintiff has not been convicted of the crime charged.

(emphasis added). In Fed. R. Evid. 609(a)(2) evidence of a **conviction** of any crime involving dishonesty or false statement is admissible for impeachment (emphasis added). A similar result was reached by the Court of Appeals for the Seventh Circuit where a witness had previously received a sentence of supervision in a prior misdemeanor shoplifting charge. *United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993). The State of Illinois, under which the witness had been convicted, did not recognize supervision as a conviction for evidentiary purposes. *Id.* As the conviction was not recognized by the State of Illinois, the Court held that the same could not be admitted under Fed. R. Evid. 609(a)(2). *Id.* The Fifth Circuit Court of Appeal, while not binding on this Court, explained that evidence of an arrest "is not permissible . . because it fails to meet standards of impeachment by proof of prior conviction." *United States v. Hodnett*, 537 F.2d 828 (5th Cir. 1976), *rehearing denied*, 540 F.2d 1086.

That situation is analogous to the Plaintiff's in that the State of Florida does not recognize her supervision and plea as a felony conviction. Therefore, evidence of the same is inadmissible under either provision of Fed. R. Evid. 609.

**Conclusion**

As evidence of the Plaintiff's prior arrests and convictions are inadmissible under Fed. R. Evid. 609, the Plaintiff requests an Order that the Defendant, Defendant's counsel, or any witness for the Defendant refrain from attempting to introduce any evidence of or referencing in any way said convictions and arrests.

Respectfully submitted this the ___24th___ day of July, 2006.

        s/ **Charles W. Blakeney**
Charles W. Blakeney, BLA068
Attorney for Plaintiff
Post Office Box 100
Geneva, Alabama 36340
334-684-2387

### CERTIFICATE OF SERVICE

    I hereby certify that on the __24th__ day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Hon. H. Warren Butler, Hon. David J. Harrison, and Hon. Richard Brantly Johnson.


      s/ **Charles W. Blakeney**
Charles W. Blakeney