**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CRYSTAL SEAMAN,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **VS.** | * | **CASE NO. 2:05-cv-414-WKW** |
| | * | |
| **FOOD GIANT SUPERMARKETS, INC.,** | * | |
| | * | |
| **DEFENDANT.** | * | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

*COMES NOW*, the Plaintiff and request the Trial Judge to read the following Jury Instructions to the Jury and to inform the Jury that said instructions are correct propositions of law and should be considered by the Jury in their deliberations as party of the law in this case.

### INTRODUCTORY INSTRUCTIONS

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with the law or not. Regardless as to any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. Also, you are not to single out one instruction alone as stating the law, but must consider these instructions as a whole.

You must also not let your decision be influenced in any way by either sympathy for or prejudice against anyone. Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice or bias or sympathy, follow the law as stated by the court, and render a just verdict regardless of the consequences. Our system of law does not permit jurors to be governed by bias, prejudice, or sympathy, or by public opinion.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits—that I have admitted in the record. However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything that the lawyers say is not evidence in the case. The function of the lawyers is to point to those things most significant or most helpful to their side of the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything that I may have said or any questions I may have asked that I have any opinion concerning any of the issues before you in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying

concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the cases? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a specified subject matter might be helpful to the jury, a person having special training or experience in that field—one who is called an expert witness–is permitted to

state his or her opinion concerning those specialized matters. Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Now, this is a civil case, not a criminal case. Some of you may know that in a criminal case the burden of proof is "beyond a reasonable doubt." This is not the burden of proof in this case because, as I said, this is a civil case.

In this case, it is the responsibility of the party having the burden of proof to satisfy that burden by a "preponderance of the evidence," where the court indicates that is the burden of proof, of by "clear and convincing evidence," where the court indicates that is the burden of proof. Throughout these instructions the court will indicate what must be proved by a preponderance of evidence and what must be proved by clear and convincing evidence.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that what is sought to be proved is more likely true than not true. "Clear and convincing evidence" means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion; proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence, but less than beyond a reasonable doubt.

In deciding whether any fact has been proved by a preponderance of the evidence or by clear and convincing evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the court indicates that what is to be proved must be proved by preponderance of

evidence and the proof fails to establish any essential part of what is sought to be proved by a preponderance of the evidence, then you should find against the party having the burden of proof. Similarly, if the court indicates that one or more of the elements of what is sought to be proved must be proved by clear and convincing evidence, and the proof fails to establish the element or elements by clear and convincing evidence, then you should find against the party having the burden of proof.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**
**Introduction before Giving Requested Written Charges**

Ladies and Gentlemen of the jury, in addition to what the Court has already said in the oral charge, I am now going to read the following requested charges. These are correct statements of the law and are to be considered by you in connection with what has already been said to you by the Court.

APJI No. 1.20

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**
**Plaintiff's Negligence Claim-General Denial**

The plaintiff claims the defendant was negligent in erecting and/or maintenance of the ramp which lead to the store entrance and exit, and its negligence proximately caused certain injuries suffered by the plaintiff. The defendant in answer to plaintiff's complaint denies that it was negligent in the maintenance of the ramp and denies that it had knowledge of any dangerous condition on or around the ramp.

This presents for your determination the following:

Was the defendant negligent as claimed by the plaintiff? If so, was such negligence of the defendant the proximate cause of any injury sustained by the plaintiff as claimed? If you find both

of the above issues in favor of the plaintiff and against the defendant what sum of money will fairly and reasonably compensate her for the injury so sustained? If either of above elements are not proven to your reasonable satisfaction as to the defendant, then your verdict should be in favor of the defendant.

APJI No. 21.01

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
**Negligence-Definition**

Negligence is the failure to discharge or perform a legal duty owed to the other party.

APJI No. 28.00

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
**Negligence and Ordinary Care**

Negligence means the failure to exercise reasonable care; that is such care as a reasonably prudent person would have exercised under the same or similar circumstances. Therefore "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

APJI No. 28.01

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
**Duty Owed-Negligence and Ordinary Care**

The duty owed by the defendant to the plaintiff was to exercise reasonable care not to injure or damage the plaintiff; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

APJI No. 28.02

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6
**Findings-One Plaintiff, One Defendant**

If you are reasonably satisfied from the evidence that the defendant was negligent and that the defendant's negligence proximately caused the alleged injury, then your verdict must be for the plaintiff; however, if you find that the defendant was not negligent or if you find that the defendant's negligence was not the proximate cause of the plaintiff's injury, then your verdict must be for the defendant.

APJI 28.03

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7
### Negligence-Simple-Res Ipsa Loquitur

It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when:

    a.  the event is of a kind which ordinarily does not occur in the absence of negligence;

    b. other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

    c.  the indicated negligence is within the scope of the defendant's duty to the plaintiff.

APJI No. 28.21

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8
### Contributory Negligence-Burden of Proof

The defendant's answer raising contributory negligence is an affirmative defense. Therefore, the burden is upon the defendant to reasonably satisfy you from the evidence as to the truth of all of the material allegations of this defense.

APJI No. 30.01

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9
### Invitee-Definition

An invitee is a person who enters and remains upon the premises of another at the express or implied invitation of the owner or occupant and for the purpose in which the owner or occupant of the premises has a beneficial interest.

APJI No. 31.00

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10
### Invitee-Duty Owed

The duty of the owner or occupant of premises to an invitee is to be reasonably sure that he is not inviting another into danger and to exercise ordinary care to render and keep the premises in a reasonably safe condition.

APJI No. 31.01

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11
### Agent Acting within the Line and Scope of his Authority

When an agent is engaged to perform a certain service, whatever he does to that end or in furtherance of the employment is deemed to be an act done within the scope of the employment.

APJI No. 3.01

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12
### Responsibility for Negligence

A principal is liable to others for the negligent acts or omissions of his agent, done within the scope of his employment and within the line of his duties.

APJI NO. 3.06

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13
### Wantonness-Definition

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an

injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitting some known duty which produced the injury.

APJI No. 29.00

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14
#### Wantonness Imputed to Principal or Master

When an agent commits wantonness within the line and scope of his employment, his principal is also liable for such wantonness regardless of the principal's lack of actual participation in such wantonness of his agent.

APJI No. 29.02

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15
#### Damages-Introduction

Ladies and Gentlemen of the jury, the Court will now instruct you on the law of damages. The burden is on the plaintiff to reasonably satisfy you from the evidence of the truthfulness of her claim. If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the defendant. In this event you would go not further. This would end your deliberations. On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the plaintiff. In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in may charge. I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the plaintiff. Plaintiff makes two statements of her claim. By these statements she claims compensatory and punitive damages.

APJI No. 11.00

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16
### General Definitions

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured as a proximate result of an act of negligence on the part of the defendant. Punitive or exemplary damages are allowed to the plaintiff and may be awarded in the sound discretion of the jury in cases where the plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

APJI No. 11.01

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17
### Compensatory

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate her for her injury and other damages which have been inflicted upon her as a proximate result of the wrong complained of.

APJI No. 11.02

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18
### Personal Injury-Elements

The plaintiff claims compensation of the following items or elements of damages: Medical expenses, loss of earnings, the impairment of the plaintiff's ability to earn, physical pain and suffering, mental anguish, permanent injuries and disabilities.

APJI No. 11.04

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19

**Personal Injury-Physical Pain and Mental Anguish**

The law has no fixed monetary standard to compensate for physical pain and mental anguish. This element of damages if left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such physical pain and mental anguish as you find from the evidence the plaintiff did suffer.

If you are reasonably satisfied from the evidence that the plaintiff has undergone or will undergo pain and suffering or mental anguish as a proximate result of the injury in question, you should award a sum which will reasonably and fairly compensate her for such pain, suffering or mental anguish already suffered by her and for any pain, suffering or mental anguish which you are reasonably satisfied from the evidence that she is reasonably certain to suffer in the future.

APJI. No. 11.05

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**
**Permanent Injuries or Disfigurement**

It is for you to determine from the evidence the nature, extent and duration of the plaintiff's injuries. If you are reasonably satisfied from the evidence that the plaintiff has suffered permanent injuries, and that such injuries proximately resulted from the wrongs complained of, then you should include in your verdict such sum as you determine to be reasonable compensation for such injuries.

APJI No. 11.06

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**
**Personal Injury-Medical Expenses**

The measure of damages for medical expenses is all reasonable expenses necessarily occurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay and

the amount of reasonable expenses of medical care, treatment and services reasonably certain to be required in the future. The reasonableness of, and necessity for, such expenses are matters for your determination from the evidence.

APJI No. 11.09

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22
### Loss of Earnings

In determining the amount of damages for loss of earnings, you should consider any evidence of the plaintiff's earning capacity, her earnings, the manner in which she ordinarily occupied her time before the injury, her ability to pursue her occupation, and determine what she was reasonably certain to have earned during the time so lost, had she not been disabled.

APJI No. 11.10

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23
### Loss of Future Earnings or Future Earning Capacity

In arriving at the amount of your award for any loss of future earnings or earning capacity, if you are satisfied the plaintiff will sustain such a loss, you should consider what the plaintiff's health, physical ability and earning power or capacity were before the accident and what they are now; the nature and extent of her injuries, and whether or not they are reasonably certain to be permanent; or if not permanent, the extent of their duration; all to the end of determining the effect, if any, of her injury upon her future earnings or future earning capacity. After you determine the nature and extent of her future loss of earnings or earning capacity you would then determine the amount of money which would reasonably and fairly compensate her for such future loss.

APJI 11.11

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24
### Punitive

The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights. Fraud means an intentional misrepresentation, deceit or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of the defendant thereby depriving a person or entity of property or legal rights or otherwise causing injury. Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others. Malice means the intentional doing of a wrongful act without just cause or excuse, either:

A. with an intent to injure the person or property of another person or entity, or

B. under such circumstances that the law will imply an evil intent.

APJI No. 11.03

## FINAL INSTRUCTIONS

Of course, the fact that I have given you instructions concerning the issues of Seaman's damages should not be interpreted in any way as an indication that I believe that Seaman should or should not prevail upon her claims against the Defendant. Any verdict you reach in the jury room must be unanimous. In other words, to return of verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case. When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

Verdict forms have been prepared for your convenience. You will take the verdict forms to

-14-

the jury room and when you have reached unanimous agreement you will have your foreperson fill

in the verdict forms, date and sign them, and then you will return to the courtroom.

Respectfully submitted this the ____24th___ day of July, 2006.


  _s/ **Charles W. Blakeney**_____
  Charles W. Blakeney, BLA068
  Attorney for Plaintiff
  Post Office Box 100
  Geneva, Alabama 36340
  334-684-2387

### CERTIFICATE OF SERVICE

I hereby certify that on the __24th__ day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Hon. H. Warren Butler, Hon. David J. Harrison, and Hon. Richard Brantly Johnson.


  _s/ **Charles W. Blakeney**_____
  Charles W. Blakeney

-15-