IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL SEAMAN, | * |
| | * |
|     PLAINTIFF, | * |
| | * |
| VS. | *    CASE NO. 2:05-cv-414-WKW |
| | * |
| FOOD GIANT SUPERMARKETS, INC., | * |
| | * |
|     DEFENDANT. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS**
**TO PLAINTIFF'S EXHIBIT LIST**

*COMES NOW*, the Plaintiff, Crystal Seaman, and by way of responding to the Defendant's Objections to her Exhibit Lists, states as follows::

1. Plaintiff's Exhibits 1-4 (prescription records).

The Plaintiff's expert witness, Dr. Steven Beranek, testified via deposition taken on or about December 29, 2005, that the medications prescribed by him were required to be purchased and reasonably and necessary for the Plaintiff's injury. (Deposition Dr. Steven Beranek, page 14, lines 4-14. The Plaintiff's expert further testified that the splint which was prescribed at the Florala Emergency Room was reasonable and necessary for the treatment of the Plaintiff. (Deposition of Dr. Steven Beranek, pages 10 -11, lines 21-23 and 1-5.

    2. Plaintiff's Exhibit 11.

The Plaintiff's Exhibit 11 is decidedly different from the prescription records in items one through four. The Plaintiff's Exhibit 11 is a copy of a prescription signed by Dr. Steven Beranek, as Exhibits 1 through 4 are copies of statements and receipt from pharmacies where those prescriptions were filled.

    3. Plaintiff's Exhibits 13(b) and 14(a).

The Plaintiff's Exhibits 13 and 14 are records in whole of individual visits to Wiregrass Medical Center for x-rays which may or may not be contained in Plaintiff's Exhibit 7 showing the entire billing statement covering the x-rays as well as the surgery that the Plaintiff underwent at Wiregrass Medical Center.

4. Plaintiff's Exhibit 15(ee).

The Plaintiff's Exhibit 15(ee) is different from Exhibit 15(j) as Exhibit 15(ee) is signed by the doctor performing surgery to Plaintiff's arm.  Both Exhibits are contained within a single set of records which were requested from Wiregrass Hospital.

5. Plaintiff's Exhibit16(b).

The Plaintiff's Exhibit 16 is a single set of records of an individual emergency room visit to Florala Emergency Room.  While the costs for filing any prescriptions arising from said visit may be contained in the Exhibits 1-4, the actual prescription is not so contained.

6. Plaintiff's Exhibits 18 and 19.

The Plaintiff asserts that her injury requires ongoing treatment.  Until such time as her doctor moved his practice, she was receiving treatment from Dr. Steven Beranek.  The Plaintiff has been forced to seek follow-up treatment with the physicians whose records are contained in Exhibits 18 and 19.

Respectfully submitted this the 26th day of July, 2006.

    s/ **Charles W. Blakeney**
Charles W. Blakeney, BLA068
Attorney for Plaintiff
Post Office Box 100
Geneva, Alabama 36340
334-684-2387

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Hon. H. Warren Butler, Hon. David J. Harrison, and Hon. Richard Brantly Johnson.

                                                s/ **Charles W. Blakeney**
                                                Charles W. Blakeney