```
IN THE UNITED STATES DISTRICT COURT FOR
     THE MIDDLE DISTRICT OF ALABAMA
            NORTHERN DIVISION


CRYSTAL SEAMAN,                  )
Plaintiff,                       )
VS                               )   CASE NO:
FOOD GIANT SUPERMARKETS, INC.,)      2:05-CV-414-T
   Defendant.                    )
```

The telephone deposition of STEVEN BERANEK taken pursuant to the Alabama Rules of Civil Procedure before Anna S. Padgett, Court Reporter and Notary Public, State at Large, at the office of Charles W. Blakeney, 210 North Commerce Street, Geneva, Alabama on the 29th day of December, 2005, commencing at approximately 2:00 p.m.

```
 1                        APPEARANCES
 2
 3
 4   FOR THE PLAINTIFF:
 5       MR. CHARLES W. BLAKENEY, Attorney at Law,
 6       201 North Commerce Street, Post Office Box
 7       100, Geneva, Alabama 36340.
 8
 9       MR. DAVID J. HARRISON, Attorney at Law,
10       700 South Academy Street, Post Office Box
11       994, Geneva, Alabama 36340.
12
13
14
15   FOR THE DEFENDANT:
16       MR. RICHARD B. JOHNSON, Attorney at Law,
17       Lyons, Pipes & Cook, P.C., Post Office Box
18       2727, Mobile, Alabama 36652.
19
20
21
22
23
```

```
 1   first X-ray was taken at the direction of Dr.
 2   O.D. Mitchum; is that correct?
 3        A.   Yes.
 4        Q.   And, then, the second one was taken at
 5   your direction?
 6        A.   That's correct.
 7        Q.   Okay.  And were those treatments
 8   appropriate for the injury to the arm of Mrs.
 9   Seaman?
10        A.   Yes.
11        Q.   And were the cost of those treatments by
12   the hospital and by yourself appropriate,
13   reasonable and necessary?
14        A.   Yes.
15        Q.   Okay.  And they were necessary for the
16   treatment of her injury?
17        A.   Correct.
18        Q.   Okay.  And you actually saw her first on
19   May 12th of 2003?
20        A.   That's correct.
21        Q.   And she had a splint; is that correct?
22        A.   Yes.
23        Q.   And was that splint reasonable and
```

```
 1   necessary as far as the treatment of her injury?
 2        A.   Yes.
 3        Q.   And as far as the cost of that splint,
 4   was that necessarily incurred by Mrs. Seaman?
 5        A.   Yes.
 6        Q.   Okay.  What was her initial diagnosis?
 7        A.   That she had a right wrist sprain.
 8        Q.   Okay.  And what types of treatment did
 9   you recommend?
10        A.   I recommended that she wear a splint,
11   remove it four times a day to do range of motion
12   exercises and that she be on restriction of
13   activities for approximately three weeks with a
14   follow-up visit following that time.
15        Q.   Okay.  And do you know if she followed
16   through with your recommendations?
17        A.   I believe she did.
18        Q.   Okay.  And when you did follow-up visits
19   with her, she reported that, in fact, she was
20   complying with your directions?
21        A.   Yes.
22        Q.   Okay.  And based on the information that
23   you have in your medical records and on the
```

1    Q.   Did you prescribe all the medications
2  that are listed there?
3    A.   Yes.
4    Q.   And were these medications necessary for
5  the treatment of Mrs. Seaman's condition?
6    A.   All except for the -- once I gave her
7  some Augmentin for an upper respiratory
8  infection, but all the rest were necessary for
9  the treatment of that condition.
10    Q.   Okay.  And would you agree these
11  medications would be required to be purchased at
12  a pharmacy at whatever the cost that the
13  individual could purchase them for?
14    A.   Yes.
15    Q.   Okay.  At some point, did you recommend
16  that Mrs. Seaman have surgery to repair the
17  nerve in her arm?
18    A.   Yes.
19    Q.   Okay.  And I'm referencing your notes
20  from October 27th of 2003.
21    A.   Yes, I see those notes.
22    Q.   Okay.  And did you, in fact, perform the
23  surgery on Mrs. Seaman's arm?