IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CRYSTAL SEAMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:05-CV-414-WKW |
| v. | ) | (WO) |
| | ) | |
| FOOD GIANT SUPERMARKETS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on Defendant's Motion for Summary Judgment (Doc. # 11). For reasons to be discussed, the motion is due to be granted in part and denied in part.

**I.  PROCEDURAL HISTORY**

On April 6, 2005, Crystal Seaman ("Plaintiff") filed her Complaint in the Circuit Court of Covington County, Alabama alleging negligence and wantonness by Defendant, resulting in personal injury to Plaintiff. On May 4, 2005, Food Giant Supermarkets, Inc. ("Food Giant") filed a Notice of Removal (Doc. # 1) based upon diversity jurisdiction.

**II.  FACTS**

The undisputed facts contained in the parties' evidentiary submissions show the following:

About once a week Plaintiff visited the Piggly Wiggly[1] in Florala, Alabama. During a visit on April 25, 2003, Plaintiff injured her right arm when the right front wheel of a shopping cart lodged in a hole five inches in diameter and two inches deep on the exit ramp outside the store.

---

[1] Food Giant owns and operates several supermarkets. The Food Giant supermarket in Florala is Piggly Wiggly No. 759.

1

Plaintiff admitted that the hole was big enough to see if she had been looking as she walked on the ramp. She never saw it on any of her previous visits, but she claims that her visit on April 25, 2003 was different from her previous visits.

Usually, Food Giant has a mat on the entrance/exit ramp. This mat covers the hole that caught the wheel of Plaintiff's shopping cart. When Plaintiff visited Food Giant on April 25, 2003, the mat was rolled up and placed next to a nearby vending machine. Prior to April 25, 2003, Food Giant's store manager, Nancy Reid, testified that she had no idea a hole on the ramp existed. Upon inspection after April 25, 2003, Ms. Reid did not find a hole or any loose gravel. Ms. Reid also states that, prior to April 25, 2003, no one was ever injured while attempting to walk on or around the ramp and no one ever complained about a hole in the ramp. Plaintiff provides no evidence that Food Giant had actual knowledge of the hole, or that an employee or customer was previously injured on the ramp.

### III.    JURISDICTION

This Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which requires that all defendants be diverse from all plaintiffs and that the amount in controversy be greater than $75,000. Plaintiff is an Alabama citizen and Defendant is a citizen Missouri. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

### IV.    STANDARD OF REVIEW

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). On the other hand, the court must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

## V.  DISCUSSION

Plaintiff claims that her right arm was injured as a result of Food Giant's negligence and wantonness.

I.  *Negligence*

"It is a well-established rule of law in [Alabama] that in order to prove a claim of negligence

a plaintiff must establish that the defendant breached a duty owed by the defendant to the plaintiff and that the breach proximately caused injury or damage to the plaintiff. *Lowe's Home Centers, Inc., v. Laxson*, 655 So. 2d 943, 945-46 (Ala. 1995). The "duty owed by a landowner to a person on his property varies greatly, based upon the classification of the person on the land. The three classifications of persons coming onto the land are trespasser, licensee, and invitee. In order to be considered an invitee, the plaintiff must have been on the premises for some purpose that materially or commercially benefitted the owner or occupier of the premises." *Boyd v. Sears Roebuck and Co.*, 642 So. 2d 949, 950 (Ala. 1994). It is undisputed that Plaintiff was an invitee.

Food Giant[2] owes an invitee the duty to "use reasonable care and diligence to keep the premises in a safe condition or, if the premises were in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care." *Woodward v. Health Care Auth. of City of Huntsville*, 727 So. 2d 814, 816 (Ala. Civ. App. 1998). There are two caveats to Food Giant's duty to warn. One, Food Giant has no duty to warn, unless it knew or "ought" to have known of the danger. *Id.* Second, Food Giant has no duty to warn the invitee of open and obvious defects in the premises, which the invitee is aware of or should be aware of through the exercise of reasonable care. *Lamson*, 173 So. at 389 and *Woodward*, 727 So. 2d at 816.

In its motion for summary judgment, Food Giant argues that it did not breach a duty to Plaintiff. The argument is threefold: (1) the premises were in a safe condition and free from defect; (2) if there was a dangerous condition, it did not know or have reason to know of the dangerous condition; and (3) there was no duty to warn because the defect was open and obvious to a

---

[2] There is no evidence to suggest whether Food Giant is the owner of the premises or simply the occupant, but the duty of an occupant is the same as the duty owed by the landowner. *See Lamson & Sessions Bolt Co. v. McCarty*. 173 So. 388 (Ala. 1937) (reciting the occupant's duty to an invitee).

reasonable person in the position of Plaintiff.

  A.  Condition of Premises

Plaintiff insists there was a hole. She provides testimonial evidence of her own and that of her husband.[3] Food Giant says that the Plaintiff is merely speculating there was a defect, and provides testimony (but no other evidence) that no hole has been found by Food Giant. *See Hammer v. Slater*, 20 F. 3d 1137, 1141 (11th Cir. 1994) (stating that moving party can do one of two things: show non-moving party has no evidence to support its case or provide affirmative evidence demonstrating that the non-moving party will be unable to prove her case). The existence of a defect is a material fact. The issue is whether Plaintiff has produced enough evidence to create a genuine dispute. Because the husband witnessed the accident and what caused it, the husband and wife's cumulative testimony barely clears the Rule 56 hurdle, but clears it nonetheless.

  B.  Food Giant's Knowledge

Because it owed Plaintiff the duty of care owed to an invitee, Food Giant's knowledge of the alleged hole is relevant. According to Plaintiff's testimony, the hole was normally covered by a large mat. When the mat was removed, a hole the size Plaintiff describes would, by inference, be noticed. Adding Plaintiff's description of the hole to this reasonable inference, there is sufficient evidence from which a jury could infer that Food Giant should have been aware of the defect.

  C.  Open and Obvious

Food Giant argues in the alternative that the hole was an open and obvious condition and that the exercise of reasonable care would have prevented the harm caused by the dangerous condition. If this is true, Food Giant did not breach a duty and is insulated from liability in this case. *Harvell*

---

[3] Plaintiff's husband confirms the hole, but disputes its location.

*v. Johnson*, 598 So. 2d 881 (Ala. 1992). "A condition is 'obvious' if the risk is apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee." *Woodward*, 727 So. 2d at 816. Thus, the reasonable person standard applies to determine whether, as a matter of law, the hole was an open and obvious condition given the circumstances.

Although the circumstances are somewhat different, the facts and analysis in *Blizzard v. Food Giant Supermarkets, Inc.* are instructive. *Blizzard*, 196 F. Supp. 2d 1202 (M.D. Ala. 2002). In *Blizzard*, the Plaintiff tripped and fell over an end cap pallet. An end cap is a platform that rests on the floor at the end of a grocery isle and displays products. The end cap in *Blizzard* was four feet by four feet and eight inches high. It was metal and was the same color as the floor. The Plaintiff in *Blizzard* admitted that if she "had been watching where she was walking, the end cap would have been open and obvious." *Id*. at 1208. Nonetheless, the court held that "drawing all reasonable inferences in favor of the non-movant, the court must conclude that Blizzard's testimony does not entitle Food Giant to summary judgment because she could have been watching where she was going, but simply not looking at the floor." *Id*.

In the instant case, the hole was far smaller than the end cap in *Blizzard* and, as the end cap was the same color as the floor, the hole was presumably the same color as the rest of the ramp. More importantly, Plaintiff was exiting Food Giant with an unspecified amount of groceries in her cart (presumably obstructing her forward and downward view) while she focused on the parking lot traffic. Therefore, one could reasonably infer that Plaintiff was watching were she was going, but not looking at or able to see the ground in front of her shopping cart. *Id*.; *See also Williams v. Bruno's Inc.*, 632 So. 2d 19, 22 (Ala. 1993) (holding that if testimony of the plaintiff were believed, a jury could reasonably infer that his attention was focused on the shelves and thus the items on the floor were not open and obvious); *see also Ryles v. Wal-Mart Stores East L.P.*, 2004 WL 3711972

6

(M.D. Ala.) (stating that while "Alabama courts have been more willing to allow juries to decide what constitutes an 'open and obvious condition,'" a brown box in the aisle did not constitute an open and obvious condition). Previous visits to Food Giant do not factor into Plaintiff's knowledge of the hole because on previous occasions the hole was covered by a mat. Drawing all reasonable inferences in favor of the non-movant, the Court cannot find, as a matter of law, that the alleged hole was an open and obvious condition to Plaintiff. That is an issue for the trier of fact.

II.     *Wantonness*

Plaintiff also claims that Food Giant was wanton. "Wantonness" is defined as "the doing of some act or the omission to do some act with reckless indifference that such act or omission will likely or probably result in injury." *Blizzard*, 196 F. Supp. 2d at 1208; *quoting IMAC Energy, Inc. v. Tittle*, 590 So. 2d 163, 169 (Ala. 1991). While Plaintiff need not "prove intentional conduct to prove wantonness, wantonness requires evidence of a reckless or conscious disregard of the rights and safety of others." *Bizzard* at 1208. When the Eleventh Circuit examined the Alabama wantonness standard, it explained that "a jury may not find wantonness simply on the basis of a defendant's awareness that his actions, or failure to act, would entail more risks than not taking the action in question." *Id.*; *quoting Salter v. Westra*, 904 F. 2d 1517, 1525 (11th Cir. 1990).

Again, the Court is persuaded by the analysis of facts in *Blizzard*, which are similar to the facts in the present situation. In *Blizzard*, the court held that Food Giant was not wanton because "there was [no] prior knowledge of injury from a hazardous condition." *Blizzard*, 196 F. Supp. 2d at 1208. Similarly, the store manager at Food Giant testified that no one had ever been injured walking across or around the hole alleged by Plaintiff. Because the Plaintiff has provided no evidence of wantonness, summary judgment is due to be granted as to the wantonness claim.

## VI.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion for Summary Judgment (Doc. # 11) is GRANTED in part and DENIED in part.

2. The motion is GRANTED with respect to Plaintiff's wantonness claim. The wantonness claim is DISMISSED.

3. The motion is DENIED with respect to Plaintiff's negligence claim.

Done this 31st day of August, 2006.

                                                              /s/   W.  Keith Watkins  
                                          UNITED STATES DISTRICT JUDGE