IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL SEAMAN, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:05-cv-00414-WKW |
| FOOD GIANT SUPERMARKETS, INC., | ) |
| Defendant. | ) |

### ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on September 21, 2006, wherein the following proceedings here held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

The Plaintiff is Crystal Seaman, and she will be represented at the trial of this matter by Honorable Charles W. Blakeney and the Honorable David J. Harrison.

The Defendant is Food Giant Supermarkets, Inc. d/b/a Piggly Wiggly No. 759, and will be represented by Honorable M. Warren Butler and Honorable Richard B. Johnson of the firm Lyons, Pipes and Cook, P.C.

**COUNSEL APPEARING AT PRETRIAL HEARING:**

The Honorable Charles W. Blakeney appeared for the Plaintiff at the pretrial hearing in this cause.

The Honorable M. Warren Butler appeared for the Defendant at the pretrial hearing in this cause.

2. **JURISDICTION AND VENUE:**

The jurisdiction and venue of this Court is invoked by 24 U.S.C. §§ 1332, 1441 and 1446.

3. **PLEADINGS:** The following pleadings and amendments were allowed:

   a.   Complaint

   b.   Answer

4.     **CONTENTIONS OF PARTIES:**

    a.     The Plaintiff:

On or about April 25, 2003, as the Plaintiff started to exit the Defendant's store, the wheel of the Plaintiff's cart struck a hole in the ramp at the front of the Defendant's store, causing the cart to turn sharply. The Plaintiff lost her balance and fell partially over the cart. As a direct and proximate result of the sudden stop of the car and the Plaintiff's subsequent fall over the cart, the Plaintiff was seriously injured, and she suffered a severe right wrist sprain, a pinched nerve in her right arm with residual nerve injury, swelling of and tenderness and pain in her right wrist, with a permanent disability to her right arm. Because the Defendant maintained the ramp for entrance into and exit out of the store, the Defendant was under a duty to ensure that the said ramp was safe, adequately designed, properly constructed and properly maintained, so as to protect the Plaintiff and all other entrants. Further, the Defendant was negligent in failing to make said ramp reasonably safe as the Defendant had allowed a hole to remain in the ramp which caused the Plaintiff's injury. The Defendant negligently injured the Plaintiff as it knew, or reasonably should have known, that the ramp was constructed improperly and/or improperly maintained and was not safe. The Plaintiff at all times exercised due and proper care for the Plaintiff's own safety while on the Defendant's premises. Additionally, the Defendant had knowledge of the dangerous condition of the ramp, and had knowledge that injury would likely result from the dangerous condition of the ramp. The Defendant, with that knowledge, acted with reckless indifference for the safety of its customers by failing to make the ramp reasonably safe.

    b.     The Defendant:

Defendant denies that it was negligent or wanton in the maintenance of its premises. Defendant contends that it did not breach any duty owed to Plaintiff, and it did not have any notice or knowledge of this alleged dent in the ramp at or before the time of the accident. Defendants also contend that if any defect existed on its premises, it was a condition that was open and obvious to Plaintiff and that she assumed the risk of her injuries and/or was contributory negligent in her

actions. Defendant further contends that Plaintiff is not entitled to an award of any damages as a result of this conduct.

     5.    **STIPULATIONS BY AND BETWEEN THE PARTIES:**

The parties stipulate that the ramp at issue is not in violation of any code or city ordinance, and, therefore, no expert testimony will be needed on that issue.

It is ORDERED that:

1. The jury selection and trial of this case, which is to last 1-2 days, is set for November 6, 2006, at 10:00 a.m. at the United States Courthouse, in a courtroom to be determined, in Montgomery, Alabama.

2. A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

3. The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions and verdict forms with legal citations thereon, on or before October 23, 2006.

4. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before October 30, 2006.

5. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

6. Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

7. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

8. The parties shall notify Chambers of the undersigned on or before October 23, 2006, regarding any mediation efforts undertaken.

9. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 8) entered by the Court on May 25, 2005.

10. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the Court.

DONE this the 26th day of September, 2006.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE