IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CRYSTAL SEAMAN, | |
| *Plaintiff,* | |
| vs. | Case Number: 2:05-CV-00414-T |
| FOOD GIANT SUPERMARKETS, INC., | |
| *Defendant.* | |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Defendant Food Giant Supermarkets, Inc. requests that the Court charge the jury as set forth in the instructions attached hereto.

Respectfully submitted this the 23rd day of October, 2006.

/s/ RICHARD B. JOHNSON
M. WARREN BUTLER
BUTLM3190
ASB-3190-R56M
RICHARD B. JOHNSON
JOHNR8700
ASB-8700-I65-J
Attorneys for Defendants
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL  36652
Phone: (251) 441-8229
Fax: (251) 433-1820
E-mail:  MWB@lpclaw.com

CERTIFICATE OF SERVICE

    I do hereby certify that I have on this **23**$^{rd}$ day of **October**, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL 36340

/s/ RICHARD B. JOHNSON
RICHARD B. JOHNSON

## DEFENDANT'S PROPOSED JURY CHARGE NO. _____

Storekeepers such as Food Giant have a duty to exercise reasonable care in providing and maintaining reasonably safe premises for the use of their customers. Food Giant is not an insurer of the customer's safety but it liable for injury only in the event it negligently fails to use reasonable care in maintaining the premises in a reasonably safe condition. The burden rests upon the plaintiff to reasonably satisfy you from the evidence that the injury was proximately caused by the negligence of the store or one of its employees. Actual or constructive notice of the presence of the offending condition must be proven before Food Giant can be held responsible for the injury.


APJI 31.01




GIVEN       _____

REFUSED     _____

## DEFENDANT'S PROPOSED JURY CHARGE NO. _____

To recover in a premises liability action, the plaintiff must prove (1) that the injury was caused by a defect or instrumentality located on the premises, (2) that the injury was a result of Food Giant's negligence; and (3) that Food Giant had or should have had notice of the defect or instrumentality before the accident.

*Logan v. Winn Dixie Atlanta, Inc.*, 594 So 2d 83, 84 (Ala. 1992).

GIVEN      _____

REFUSED    _____

## DEFENDANT'S PROPOSED JURY CHARGE NO. _____

If you are reasonably satisfied from the evidence that the Plaintiff has failed to present substantial evidence that her injury resulted from a defect or instrumentality on Food Giant's premises that was a result of its negligence and of which Food Giant had or should have had notice, then you must find in favor of Food Giant. (See <u>Fowler v. CEC Entertainment</u>, 2005 Ala. Civ. App. Lexis 2003 (April 2005).

GIVEN      _____

REFUSED    _____

**DEFENDANT'S PROPOSED JURY CHARGE NO. _____**

A premises owner such as Food Giant Supermarkets, Inc., is not an insurer of its invitee's safety.

*Hose v. Winn Dixie Montgomery, Inc.*, 658 So 2d 403, 404 (Ala. 1995).

GIVEN   _____

REFUSED  _____

**DEFENDANT'S PROPOSED JURY CHARGE NO. _____**

Not every accident that occurs gives rise to a cause of action upon which the party that is injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable for damages and often no one is to blame, not even the ones who are injured.

*Lowes Homes Centers, Inc. v. Laxson* 655 So 2d 943, 945 (Ala. 1994).

GIVEN    _____

REFUSED  _____

**DEFENDANT'S PROPOSED JURY CHARGE NO. \_\_\_\_\_**

Under Alabama law, it is well established that the doctrine of *res ipsa loquitur* is not applicable to a premises liability case. There is also no assumption of negligence based upon the mere fact that plaintiff is injured on Food Giant's premises, thus, the mere fact that plaintiff was injured, without more, is insufficient to support a claim for negligence against Food Giant.

*Kmart Corp. v. Bassett* 769 So 2d 282, 286 (Ala. 2000).

GIVEN     _____

REFUSED   _____

**DEFENDANT'S PROPOSED JURY CHARGE NO. _____**

In Alabama, speculation as to the cause of injury is not substantial evidence.

*Speer v. Pin Palace Bowling Alley,* 599 So 2d 1140 (Ala. 1992).

GIVEN     _____

REFUSED   _____

## DEFENDANT'S PROPOSED JURY CHARGE NO. _____

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

APJI 11.22

GIVEN  _____

REFUSED  _____

## DEFENDANT'S PROPOSED JURY CHARGE NO. \_\_\_\_\_

      Contributory negligence is negligence on the part of the plaintiff that proximately contributed to her alleged injuries and damages.

APJI 30.00

GIVEN  _____

REFUSED _____

**DEFENDANT'S PROPOSED JURY CHARGE NO. _____**


If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover for any initial simple negligence of the defendant.


APJI 30.02


GIVEN     _____

REFUSED   _____

**DEFENDANT'S PROPOSED JURY CHARGE NO. \_\_\_\_\_**

If you find that a defect existed on this ramp, then Food Giant contends that the plaintiff is not entitled to recover in this case because the alleged dangerous condition would have been open and obvious to her. The burden is upon the defendant to reasonably satisfy you by the evidence of the truthfulness of this defense.

APJI 18.01

GIVEN    _____

REFUSED  _____

# DEFENDANT'S PROPOSED JURY CHARGE NO. _____

An owner or occupant of premises, such as Food Giant, Inc., is under no duty to reconstruct or alter the premises so as to eliminate dangers which are known or obvious to plaintiff, or in the exercise of reasonable care, should have been known or obvious to plaintiff.

APJI 31.01

GIVEN     _____

REFUSED   _____