IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CRYSTAL SEAMAN,

     *Plaintiff,*

vs.                                 Case Number: 2:05-CV-00414-W

FOOD GIANT SUPERMARKETS, INC.,

     *Defendant.*

## DEFENDANT'S FIRST MOTION IN LIMINE

**COMES NOW** Defendant, Food Giant Supermarkets, Inc., and moves this Court in limine to instruct, direct, and order Plaintiff, Plaintiff's counsel, and all witnesses for Plaintiff not to testify concerning, mention, refer to, or argue in any way, **regarding Plaintiff's inability to obtain employment or in regard to any loss of capacity to earn income. As grounds for this motion, Defendant shows unto the Court as follows:**

1.     Plaintiff was unemployed at the time of the incident made the basis of this litigation.

2.     Subsequent to the incident, Plaintiff was employed as a LPN but was discharged for reasons which she admits were unrelated to the injuries she alleges in this case. (See excerpts of deposition of Crystal Seaman, p. 15 attached.)

3.     Plaintiff has produced no evidence and has identified no expert to establish that she was denied employment on the basis of the injuries she claims from the incident, or to establish any award for loss of earning capacity. For a jury to make a determination as to the compensation due a person for reduction in their ability to work, there must be evidence introduced at trial from which a jury may reasonably draw an inference as to the existence of an impaired capacity to earn, resulting

from the injuries complained of <u>Carnival Cruise Lines, Inc. v. Snoddy,</u> 457 So.2d 379, 381 (Ala. 1984). Thus, there must be evidence from which the fact finder may reasonably translate the evidence of Plaintiff's physical disability into a finding of Plaintiff's inability to perform their work in the same manner as before sustaining their injuries. <u>Id.</u> "A rule that would permit the inference of diminished earning capacity from the fact of permanent injury alone is far too narrow, for surely a person may suffer some permanent injury which would not permanently effect his earning capacity." "Id. at 383. (See also <u>Norwood Hospital v. Jones</u>, 107 So. 858 (Ala. 1926) (for a case not permitting a jury to consider loss of earning capacity as an element of damages, based merely on the nature and extent of the injury).

4.     Plaintiff has not and cannot produce any evidence of any injuries she suffered from this incident that has prevented her from working or obtaining employment. In fact, the evidence shows that Plaintiff was employed after this accident, but was fired for mistakes not related to her injuries that are made the basis of her Complaint. Furthermore, Plaintiff has not identified any witness that will testify that the injuries that she relates to this incident have prevented her from obtaining employment or otherwise earning income.

5.     Additionally, Plaintiff's complaint does not make a claim for lost wages, lost earnings, or loss of earning capacity.

**WHEREFORE, the premises considered, Defendant respectfully requests this Court exclude the above-mentioned testimony or claim by Plaintiff from the trial and case of this matter.1**

---

1 Defendant reserves the right to supplement its jury instructions in response to Plaintiff's apparent loss of capacity to earn income claim in the event the Court denies this motion in limine.

2

Respectfully submitted this the _23_ day of October, 2006.

/s/ RICHARD B. JOHNSON
M. WARREN BUTLER
BUTLM3190
ASB-3190-R56M
RICHARD B. JOHNSON
J0HNR8700
ASB-8700-I65-J
Attorneys for Defendants
Lyons, Pipes & Cook, P.C.
P. O. Box 2727
Mobile, AL   36652
Phone: (251) 441-8229
Fax: (251) 433-1820
E-mail:  MWB@lpclaw.com
E-mail:  RBJ@lpclaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Charles W. Blakeney, Esq.
P. O. Box 100
Geneva, AL 36340

David J. Harrison, Esq.
P. O. Box 994
Geneva, AL   36340

/s/ RICHARD B. JOHNSON
RICHARD B. JOHNSON

S:\LPCdocs\8777\41618\00372021.DOC

3